Robert L. Dulaney

*v.*

Alex. M. Payne *et al.*

*Filed at Springfield January 16, 1882.*

1. Actions—*splitting entire cause of action.* A party can not divide an entire demand or cause of action, and maintain several suits for its recovery; and a recovery for a part of an entire demand will bar an action for the remainder, if due at the time the first action was commenced.

2. Same—*as to several distinct causes of action.* Where a plaintiff has several distinct causes of action, he may elect to sue upon one, or any one of them he chooses, and he has the further election to unite in one suit, under certain restrictions, several causes of action.

3. SAME—*what are distinct causes of action—of a note with interest payable in installments.* Where a promissory note is given, payable in two or more years, with interest payable annually, or semi-annually, the holder may, at the end of each year, or half year, as the case may be, sue and recover the interest, and this will be no bar to a suit on the note when it shall become due.

4. Where a note is given, payable in one year, with interest payable semi-annually, and a suit brought two years thereafter to recover the installments of interest then due, and a recovery therein, such judgment will be no bar to a subsequent action on the note to recover the principal. In such case, the promise to pay interest is a distinct cause of action from the promise to pay the principal. Each promise constitutes a distinct cause of action.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Edgar county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GOLDEN & WILKIN, for the appellant:

A note payable in one year, with interest payable semi-annually, comprises two distinct contracts,—one to pay the principal sum, and the other to pay the interest. A judgment after the principal is due, in an action for interest, does not merge both contracts. Freeman on Judgments, sec. 238; *Andover Savings Bank* v. *Adams,* 1 Allen, 28; *Sparhawk* v. *Wills,* 6 Gray, 163; *Florence* v. *Jennings,* 2 C. B. (N. S.) 454.

The contract ought to be construed precisely as if the words "till paid" had been inserted therein after the words "from date." *Cecil* v. *Hicks,* 29 Gratt. 1; S. C. 26 Am. R. 391.

When a note is given, with interest *annually,* at ten per cent, the payee may sue for and recover interest at the expiration of each year. *Walker* v. *Kimball,* 22 Ill. 527.

Several promissory notes, and other instruments and promises executed at the same time, and in reference to the same subject matter, are frequently referred to as constituting one contract. *Davis* v. *McVickers,* 11 Ill. 327; *Bailey* v. *Cromwell,* 3 Scam. 71; *Duncan* v. *Charles,* 4 id. 261.

The theory of interest, when there is no express contract to pay it, is, that it takes the shape of damages for detention. Walker's Am. L. (5th ed.) 438.

Much confusion has resulted from confounding interest by contract with interest by operation of law. The latter is strictly in the nature of damages. *Selleck* v. *French*, 1 Conn. 32; *Adams* v. *Bank*, 36 N. Y. 255; *Brackett* v. *Edgerton*, 14 Minn. 174; *Adams Express Co.* v. *Milton*, 11 Bush, 49; *Mason et al.* v. *Callender et al.* 2 Minn. 350; *Madison County* v. *Bartlett*, 1 Scam. 67; Sedgwick on Dam. 440.

The contract rate of interest must govern both before and after the note matures. *Brannon* v. *Hursell*, 112 Mass. 63.

The demand of principal and interest upon a covenant to pay a specified sum with interest, is divisible. *McClure et al.* v. *Cole*, 6 Blackf. 290; *Venney* v. *Iddings*, 2 Chitty, 234.

The rule is settled in Illinois that the conventional rate of interest obtains after maturity as well as before, and so long as the debt "remains a note." *Etnyre et al.* v. *McDaniel*, 28 Ill. 201; *Phinney* v. *Baldwin*, 16 id. 108.

The same rule prevails in Massachusetts. *Brannon* v. *Hursell*, 112 Mass. 63.

Mr. O. B. Ficklin, and Mr. Jas. A. Eads, for the appellees :

A plaintiff can not divide an entire demand, or cause of action, so as to maintain several suits for its recovery, and a recovery for a part thereof is a bar as to the remaining portion. *Camp* v. *Morgan*, 21 Ill. 257; *Casserly* v. *Forquer*, 27 id. 170; *Matthias* v. *Cook*, 31 id. 87; *Lucas* v. *Lecompt*, 42 id. 305; *Gaddis* v. *Gleason*, 55 id. 522; *Chicago and Northwestern Railroad* v. *Nichols*, 57 id. 464; *Clays* v. *White*, 83 id. 542; *Rosenmueller* v. *Lecompt*, 89 id. 213; *Nickerson* v. *Rockwell*, 90 id. 463; *Bogart* v. *Williams*, 3 Barn. & Cress. 235; *Bendernagle* v. *Cocks*, 19 Wend. 206; *Secor* v. *Sturgis*, 17 N. Y. 548; *Pinney* v. *Barnes*, 16 Conn. 428; *Shepardson* v. *Cary*, 29 Wis. 34; *Covington* v. *Sargent*, 27 Ohio, 237;

*Baird* v. *United States*, 6 Otto, (96 U. S.) 432; Wait's Actions and Defences, vol. 6, p. 776.

In a suit upon a judgment, the debt and costs are held to be one entire cause of action, and not severable. *Camp* v. *Morgan*, 21 Ill. 257; *Clays* v. *White*, 83 id. 541.

A contract to build a certain number of box cars at a fixed price, is an entire contract, and not severable. *Chicago and Northwestern Railroad* v. *Nichols*, 57 Ill. 463.

A contract for one year, and continued by the parties for another year, is one entire contract. *Rosenmueller* v. *Lecompt*, 89 Ill. 215.

That a promissory note is an entire contract, and can not be divided: *Matthias* v. *Cook*, 31 Ill. 87; *Howe* v. *Bradley*, 19 Me. 31; 3 Parsons on Contracts, (6th ed.) 188; *Miller* v. *Bledsoe et al.* 1 Scam. 531; *Buckner* v. *Thompson*, 11 Ill. 564; *Camp* v. *Morgan*, 21 id. 255; *Nickerson* v. *Rockwell*, 90 id. 464.

Opposed to the principles established by the foregoing authorities are three Massachusetts cases: *Badger* v. *Titcomb*, 15 Pick. 409; *Sparhawk* v. *Wills*, 6 Gray, 163; *Andover, etc.* v. *Adams*, 1 Allen, 28.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Robert L. Dulaney, against Alex. M. Payne, Ed. Harlan, W. T. Martin, Lyman Booth and Dennis Legare, on a promissory note, executed by the defendants, which read as follows:

"$4262.55.      Twelve months after date we, or either of us, promise to pay R. L. Dulaney, or order, the sum of four thousand two hundred and sixty-two and $\frac{55}{100}$ dollars, with ten per cent interest from date, interest payable semi-annually, for value received, this 5th day of April, 1877."

The defendants interposed a plea of former recovery, and the only question presented by the record is, whether the

judgment read in evidence on the trial of this issue constitutes a bar to a recovery on the note. If it does, the decision of the Appellate Court affirming the judgment of the circuit court was right, and will have to be affirmed. If it does not constitute a bar, then the judgment of the Appellate Court will have to be reversed.

.It appears, from the evidence, that all of the parties to the note, except Martin, on the 3d day of April, 1879, in due form executed a power of attorney authorizing and empowering Thos. G. Golden to confess a judgment at the next term of the Clark county circuit court, in favor of Dulaney, for the amount of the interest due upon the promissory note. Martin, having refused to join in the power of attorney, was brought into court by summons, and a declaration having been filed at the April term, 1879, of the court, judgment by default was rendered against Martin, and by confession against the other parties to the note, for the sum of $869.50, and costs.

There is a slight discrepancy between the judgment and amount of interest due on the note at the time the judgment was rendered, but from the evidence introduced it is apparent that the judgment was for no part of the principal debt, but merely for the interest then due upon the note, and whether the judgment was a little more or less than the real amount of interest, can not have any material bearing on the case. The law is well settled that a party can not divide an entire demand or cause of action, and maintain several suits for its recovery. It is also clear that a recovery for a part of an entire demand will bar an action for the remainder, if due at the time the first action was commenced. *Nickerson v. Rockwell,* 90 Ill. 460, and cases there cited.

The question then arises whether the principal of the note, and the interest accruing thereon semi-annually, is, within the meaning of the law, an entire demand. If it was, the plaintiff was bound, when he brought suit for the interest, to

include the principal sum due on the note in the action.    If
it was not, then he had the right to sue for and recover the
interest, and afterwards recover a judgment for the principal.
As is said in *Phillips* v. *Bank*, 16 Johns. 136: "It is in the
election of the plaintiff, if he has distinct causes of action, to
sue upon all or any of them when he pleases, and he has the
further election to unite in one suit, under certain restrictions
not now necessary to be stated, several causes of action; but
the defendant can not compel him to do this."

What constitutes an entire or single demand is often a
question of much difficulty, and the decisions of different
courts are not in harmony on the question.    Where a note is
given payable in two or more years, with interest annually,
at a specified rate per cent, the holder of the note may, at
the end of the year, sue and recover the interest.    *Walker* v.
*Kimball*, 22 Ill. 537; *Goodwin* v. *Goodwin*, 65 id. 497.

The principle, doubtless, which led to this doctrine was,
that the promise to pay interest, although connected in the
same contract with a promise to pay the principal debt, con-
stituted a separate and distinct cause of action.    If this be
so, it would seem to follow that a note like the one in ques-
tion contains two contracts,—one to pay the principal, and
the other the interest,—although each originally grew out of
one and the same transaction.    In the discussion of this
question, Freeman on Judgments, sec. 238, says:  "A note
payable in one year, with interest payable semi-annually,
comprises two distinct contracts,—one to pay the principal
sum, and the other to pay the interest.    A judgment after
the principal is due, in an action for interest, does not merge
both contracts."    If the author is correct in his position, the
judgment recovered for the interest in this case would be no
bar to this action brought to recover the principal.    In sup-
port of the text the author cites, in a note, two cases, *Ando-
ver Savings Bank* v. *Adams*, 1 Allen, 28, and *Sparhawk* v.
*Willis*, 6 Gray, 163, which fully sustain the doctrine an-

nounced. In the case of *Sparhawk* v. *Willis*, the question was whether a judgment for one year's interest on a note for $4000, payable in one year, with interest annually, was a bar to a recovery of the principal, and the court held that it was not. In deciding the case the court said: "The contract thus assumes a very simple form: 'I promise to pay the debt in one year; but if I do not, I will pay the interest at that time, and so at the end of each and every year until the debt is paid.' Being a promise to pay the debt at one time, and contingently to pay the interest at another or some other times, it must be construed as containing distinct promises, giving several causes of action, and these being several in their origin, no subsequent event can make them one and entire." The case of *Andover Savings Bank* v. *Adams*, is to the same effect. It is there said: "The promises to pay the debt at one time, and the interest at another, are several, and afford several and distinct causes of action." These two cases are directly in point, the question presented and decided being the same as is involved in the case under consideration.

In Parsons on Contracts, vol. 2, p. 636, a contrary doctrine is announced. The author says: "One holding a note on which interest is payable annually or semi-annually, may sue for each installment of interest as it becomes payable, although the note is not yet due; but after the principal becomes due the unpaid installments of interest become merged in the principal, and must therefore be sued for with the principal, if at all." In support of the rule announced, the author, in the note, cites *Howe* v. *Bradley*, 19 Maine, 31. In the case cited it was held that annual interest can not be recovered by a separate action after the principal has become due. This decision was made by a divided court, and although it may sustain the rule laid down by Parsons, we are not inclined to follow it, believing, as we do, that the rule established by the courts in Massachusetts is the better doctrine, and more calculated to further the ends of justice.

If an action may be maintained to recover annual interest before the principal sum becomes due, as this court has in a number of cases held it may, no good reason is perceived which will preclude a recovery of the interest after the maturity of the principal debt as well as before. *Secor* v. *Sturgis*, 16 N. Y. 548 has been cited as an authority bearing on the question. It is there said: "The true distinction between demands or rights of action which are single and entire, and those which are several and distinct, is that the former arise out of one and the same act or contract, and the latter out of different acts or contracts."

While we fully recognize the ability and learning of the court which declared the doctrine in the case cited, we can not sanction the rule declared. Several promissory notes may, and often do, grow out of one and the same transaction, and yet they do not constitute an entire demand. On the contrary, the holder may maintain separate actions for the recovery of each. For instance, A may loan B $6000, and as evidence of the debt take three promissory notes, of $2000 each. Now, while the notes all grow out of one transaction and one contract, they are several, and a separate action may be brought upon each one of them. The fact, therefore, that the two agreements in the note in question, one to pay the interest at a specified time, and the other to pay the principal, grew out of one and the same contract, does not establish that the demand is single and entire.

Several decisions of this court have been cited by appellees as authority to sustain their position. Upon an examination, however, we do not find any of them in point. In the most of the cases cited the questions before the court involved a construction of sec. 49, chap. 79, Rev. Stat. of 1874, which requires all demands which do not exceed $200 to be consolidated in actions before justices of the peace. What may have been said in such cases can have no bearing here. The note upon which this action was brought provided that the

interest should be paid semi-annually, while the principal debt became due in one year from the date thereof. It is but reasonable to presume, from the nature of the transaction, that it was contemplated by the parties, although the note was by its terms due in one year, that it should run for a longer term, but that the interest should be paid every six months. Under such circumstances it would be manifestly unjust to hold that a judgment for the interest after the maturity of the note would bar a recovery of the principal, and we are unable to sanction authorities which establish such a rule. If a separate action may be maintained upon each one of several notes which grow out of a single contract, upon the same principle and for the same reason a note containing a promise to pay interest at one time and the principal debt at another, may be the foundation of one action to recover the interest, and another to recover the principal.

The judgment of the Appellate Court will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. Justice Scholfield took no part in the consideration or decision of this case.