SUSAN KING v. JOHN R. PHILLIPS.

*Interest.*

Where a bond or other instrument for the payment of money, does not specify on its face that interest is to be paid, interest is in the nature of damages, and the payment of the principal money will bar an action for the interest ; but where interest is stipulated for in the contract itself, it becomes a part of the debt, and may be recovered, although the principal sum has been paid.

(*Bledsoe* v. *Nixon*, 69 N. C., 80, cited and approved. *Moore* v. *Fuller*, 2 Jones 205, distinguished and approved.)

This was a petition filed by the defendant, to rehear the decision rendered in this case at the last term of the Court, and reported on page 555 of volume 94.

The errors assigned were:

1st. That this Court overlooked the fact that the payment of $907.00 was made and accepted as a settlement and discharge of

all the principal money, leaving interest only unsettled, and the plaintiff's action was one to recover the interest after the principal had been settled.

2d. That in the opinion, the Court erroneously proceeded upon the idea, that in order to relieve the defendant from liability, it was necessary to establish that the executor accepted said sum of $907.00, &c., in satisfaction of the debt, whereas the acceptance of the amount, in payment of the principal, in law discharged the whole debt and interest thereon.

3d. That the Court misapprehended the verdict of the jury, in that, in the opinion, on page 557, it is said, "It, (the verdict,) does not find that the executor did more than receive and credit the sum which the defendant admitted and was willing to pay," whereas, the finding on the issue establises the fact that there was an agreement to pay the principal, and that the sum of $907.00 was paid in pursuance of said agreement in settlement of the principal.

4th. That in the opinion, the Court erroneously proceeded upon the idea, that the defendant contended that a compromise was understood and intended to be brought about under §574 of The Code, whereas the defendant did not rely upon any compromise under said section, but insisted that the jury by their verdict, having established the fact that the principal had been paid, no recovery could be had in this action for interest.

5th. That the verdict of the jury was misapprehended, and the law applied to facts not set out in the statement of the case on appeal.

*Mr. Geo. Rountree,* for the plaintiff.
*Mr. W. R. Allen,* filed a brief for the defendant.

ASHE, J. (after stating the facts).    Upon a careful consideration of the errors assigned, we see no reason for overruling the decision made at the last term.    We do not think there was any error in the interpretation given by this Court to the finding of the jury upon the second issue.    But conceding its meaning

was such as contended for by the defendant, that it establishes the fact that the principal had been paid, and only the interest remained unsettled, still we are unable to see the error complained of by the defendant. It is true, this Court did not take into consideration the question now presented as a ground of error, that the action could not be sustained for the interest after the principal had been paid, but if it had done so, it could have come to no other conclusion than it did; for there is a marked and admitted distinction between these cases where the interest is stipulated to be paid in the note or bond, and when there is nothing said with respect to the interest, and it is left to be recovered as a part of the damages for the retention of the debt.

To be more specific. When interest is not made payable on the face of the instrument, it is in the nature of damages for the retention of the principal debt. *Hamilton* v. *Van Rensselaer*, 43 N. Y., 244; Byles on Bills, 240. And in such a case the payment of the principal is a bar to an action to recover the interest. *Hamilton* v. *Van Rensselaer, supra*; *Hentz* v. *Miller*, 94 N. Y., 64.

But when interest is stipulated for in the contract, it is as much a part of the debt as the principal itself. 1 Daniel on Neg. Ins., 919; 2 Edwards on Bills and Notes, §1012; *Boodily* v. *Bellamy*, 2 Burr., 1096; *Southern Central R. R. Co.* v. *The Town of Moravia*, 61 Barb., 180; *Fake* v. *Eddy*, 15 Wend., 76; and *Bledsoe* v. *Nixon*, 69 N. C., 80; where the distinction here drawn is clearly stated. It was there held, "when there is no agreement to pay interest, interest when allowable, is allowed not as a part of the contract, but as an *incident*, and by way of damages for the default to make the creditor good for the loss he has sustained by reason of the breach of contract." In this class of cases, it has always been held that after the principal of the debt has been paid and received in full, no action could be maintained to recover interest; the reason being that interest, in such cases, being a mere incident, cannot exist without the debt, and the debt being extinguished, the interest must necessarily be extinguished also.

A distinction has been made between such cases and those where interest is payable by the terms of the contract. In the latter case, the interest is as much a part of the contract as the principal, and not a mere incident.

The case of *Moore* v. *Fuller*, 2 Jones, 205, which was relied on in the argument when the case was first before us, is a case where the bond sued on was silent as to the interest, but in the case now under consideration, there is an express stipulation to pay interest, which, according to the authorities, is not a mere incident to the debt, but as much a part of it as the principal itself. Consequently, there is no reason why in such case the interest may not be recovered even after the principal has been paid.

We see no reason for disturbing the decision heretofore made. The petition is therefore dismissed.

Dismissed.