## BUTTERFIELD *v.* TOWN OF ONTARIO.

(*Circuit Court, N. D. New York.   December 1, 1890.*)

INTEREST COUPONS—SPLITTING CAUSE OF ACTION.
> Interest coupons attached to negotiable bonds are distinct and independent promises to pay the interest installments, and a recovery on one is no bar to a suit on another, though the latter was past due when the first action was brought.

At Law.
*L. W. Wolcott*, for plaintiff.
*S. D. Bentley*, for defendant.

WALLACE, J.   As a defense to this action the defendant invokes the familiar doctrine that a party cannot split up an entire and indivisible demand, and bring an action on the part of it, and a subsequent action on the other part, and that the judgment in the action first brought is a good bar to the second action.   The plaintiff brought an action against the defendant to recover upon interest coupons of municipal bonds owned by him, and recovered judgment thereon.   The present action is brought upon coupons of the same bonds which had matured when the former action was brought, and were then annexed to the bonds.   If the present suit were brought to recover interest installments payable by the terms of a bond, according to the weight of authority, it would be no defense to the action that the plaintiff had brought a former action to recover installments due at later dates, and recovered judgment therein. *Sparhawk* v. *Wills*, 6 Gray, 163; *Bank* v. *Adams*, 83 Mass. 28; *Dulaney* v. *Payne*, 101 Ill. 328.   When the promise for the payment of interest installments in the bond is supplemented by promises in the form of negotiable paper, that circumstance implies that the obligee is at liberty to sell the different promises, and transfer them to others, at his pleasure, before or after they mature; and it would be utterly unreasonable to hold that he could not do this without prejudicing his right to recover on one or more of them in case others which he has sold, though maturing earlier, should not have been sued upon.   It is quite immaterial that they all represent an indebtedness arising out of one contract or a single trans-

action.    *Nathans* v. *Hope,* 77 N. Y. 420.    Coupons are distinct and inde-
pendent promises for the payment of the interest installments, and have
all the attributes of commercial paper.    Judgment is ordered for the
plaintiff for $3,695.05.