DES MOINES SAVINGS BANK & TRUST COMPANY et al., Appellees, v. O. O. LITTELL, Appellant, et al.

No. 39802.

NOVEMBER 21, 1929.

*George M. Faul* and *W. M. Vanderwaal,* for appellant.

*Parsons & Mills,* for appellees.

MORLING, J.—By the note in suit, dated February 3, 1923, the appellant promised to pay, March 1, 1928, to the Iowa Loan & Trust Company or order $8,000, with interest from March 1, 1923, at 5½ per centum per annum until maturity, and 8 per cent per annum thereafter, payable annually at its banking house in Des Moines on the first day of March in each year, "according to the tenor and effect of five appropriate interest coupons of even date herewith * * * all for the sum of $440 each, all payable to the order and at the place of payment aforesaid, evidencing the several installments of interest on said principal sum up to and including the maturity thereof and bearing interest after maturity at the rate of 8 per cent per annum." The note provided that, if default were made in payment, in whole or in part, of any of the installments of interest, or in performance of any of the covenants of the mortgage, the principal sum, together with accrued interest, should, at the election of the legal holder, and without notice, at once become due. The payee agreed to accept payments of $100 or any multiple of $100 on principal on March 1, 1926, or any interest maturity date thereafter, provided that 60 days' written notice should be given.

Coupons accordingly signed by the maker of the principal note were attached. All were paid except the last, which reads:

"$440.00       Des Moines, Iowa, February 3, 1923, Due on the first day of March, A. D. 1928, to the order of Iowa Loan & Trust Company * * * the sum of Four hundred forty and no/100 Dollars at its banking house in the City of Des Moines, Iowa, with interest thereon after maturity at the rate of 8 per cent per annum, payable at said bank, being for an installment of interest due on said last mentioned date" on the principal note and mortgage in controversy.

The coupon provided that it would not be payable if the maker exercised option to repay the principal note.

After the maturity of the principal note and coupon, the plaintiff, which had become the holder, sued the maker in the municipal court of Des Moines on the coupon, and recovered judgment for the amount thereof. The maker (appellant) here contends that the principal note and coupon maturing at the same time in the hands of the same holder gave rise to but a single cause of action, which could not be split into one on the coupon and another on the principal note, and that the judgment on the coupon was an adjudication of all the rights of the parties, barring plaintiff from maintaining the present action.

It was within the province of the parties to the loan to so sever the promises to pay the installments of interest from the promise to pay the principal as to make each separate and independent of the other. Many reasons, about which it is wholly useless for us to speculate, might impel either party, or both, to desire the severance and independence of these promises. (See cases below.) The only question here is whether the obligations in question are so drawn as to work such a severance. The first suit was not brought on the mortgage, or on any agreement amalgamating or consolidating or merging the promises to pay the interest with or into the promise to pay the principal, or to subject the property to an indistinguishable liability for both principal and interest. The promise sued on in the first action is specific, and independent of the promises to pay other installments of interest or coupons or the principal. The court is of the opinion that the promise to pay the interest as evidenced by the coupons, though the principal note had matured and was

in the possession of the same holder, was so severed from and so distinct and independent of the promise to pay the principal, as evidenced by the principal note, as to constitute a separate cause of action, and that there was no splitting of cause of action in bringing action on the coupon, and no merging of the cause of action on the principal note in the judgment on the coupon. *Sweeney v. Daugherty,* 23 Iowa 291; *Sparhawk v. Wills,* 6 Gray (Mass.) 163; *Andover Sav. Bank v. Adams,* 1 Allen (Mass.) 38; *Butterfield v. Town of Ontario,* 44 Fed. 171; *Dulaney v. Payne,* 101 Ill. 325 (40 Am. Rep. 205); *Wehrly v. Morfoot,* 103 Ill. 183; *Nesbit v. Riverside Ind. Dist.,* 144 U. S. 610 (36 L. Ed. 562); *French v. Bates,* 149 Mass. 73 (21 N. E. 237); *Edwards v. Bates County,* 163 U. S. 269. See *Clark v. Iowa City,* 20 Wall. (U. S.) 583 (22 L. Ed. 427); *Crouse v. Holman,* 19 Ind. 30; *Nathans v. Hope,* 77 N. Y. 420. If plaintiff, holding both the principal note and the last matured coupon, had sued at law upon the principal note alone, which contains also the promise to pay the interest, and had requested judgment on that note, and if this were a subsequent action on the coupon, we would have before us a different question. The coupon does not contain a promise to pay the principal. The principal note does contain a promise to pay the interest. In the one case, action is brought upon promise to pay a certain sum or installment of interest alone; in the other case, action is brought to recover on promise to pay principal and interest.

In *Schnuettgen v. Mathewson,* 207 Iowa 294, no such question as that presented here was involved. The obligation there to pay the interest was a subsequent promise of a third party, collateral to the original note and mortgage, the form and terms of which do not appear—"not a self-supporting and separate cause of action, but an incident only to a previously existing cause of action." The former suit involved there was one upon a mortgage, which embraced the obligation to pay interest, as well as principal. The effect of the decree for the principal only in a suit on an obligation for the payment of principal and interest was properly held to be that no interest was due. The defendant's obligation there to pay interest was subsequent and collateral, and was discharged by a decree the effect of which was that no interest was owed. For these and other reasons

that will appear from a perusal of the opinion, that case has no application.

The comment in *Williams-Abbott Elec. Co. v. Model Elec. Co.*, 134 Iowa 665, 671, on the supposed case of a promissory note on which a number of semiannual installments of interest might be due, was made merely by way of illustration and obiter.

Whether, if two or more actions are unnecessarily brought at the same time, or are pending under the circumstances supposed in that illustration, or other circumstances, the court might order a consolidation, or regulate the costs, or otherwise afford relief against oppressiveness, is a question not now before us.— *Affirmed.*

ALBERT, C. J., and STEVENS, FAVILLE, DE GRAFF, KINDIG, and WAGNER, JJ., concur.