UNION TRUST COMPANY OF ROCHESTER, Plaintiff, *v.* LEO F. SIMPSON, MABEL K. SIMPSON, His Wife, RALPH MCKALITZKY, MOLLIE MCKALITZKY, His Wife, RALPH'S GROCERY & MARKET, INC., Defendants.

Supreme Court, Monroe County, September 29, 1936.

*Sutherland & Sutherland,* for the plaintiff.

*Charles E. Callahan,* for the defendants Leo F. Simpson and Mabel K. Simpson, his wife.

*Relin & Relin,* for the other defendants.

CUNNINGHAM, J. The plaintiff is the owner of a bond and mortgage executed to it by the defendants Simpson, the payment of which mortgage has been assumed by the other defendants. The whole of the principal sum which, according to the terms of the bond and mortgage became due on November 4, 1930, is unpaid. There are also unpaid installments of interest due upon the principal of the bond and mortgage.

The plaintiff asks that it be determined in this action whether if it shall obtain a judgment for the unpaid interest due upon the principal of the bond and mortgage or for the amount paid by it for taxes levied upon the mortgaged property, it will forfeit its right to recover the principal sum owing upon the bond and mortgage.

The defendants ask that the complaint be dismissed upon the ground that the facts proved are not sufficient to constitute a cause of action for a declaratory judgment.

I am of the opinion that this is an action in which a declaratory judgment may be granted. (*Union Trust Co. of Rochester* v. *Kaplan,* 247 App. Div. 588; *Kalman* v. *Shubert,* 270 N. Y. 375; *Title Guarantee & Trust Co.* v. *Mortgage Commission,* 271 id. 302.)

The defendants Simpson deny that there is any controversy between them and the plaintiff as to the rights claimed by plaintiff. Neither upon the trial nor in the briefs submitted have such defendants challenged the rights claimed by plaintiff. Furthermore, plaintiff has not shown that it ever notified such defendants of its claim of certain rights under the bond and mortgage or that these two defendants ever disputed or controverted such rights.

A question arises whether a cause of action has been proved against the defendants Simpson.

An action for a declaratory judgment may be maintained only when the plaintiff " asserts rights which are challenged by the defendants." There must be an actual dispute between the parties. (*Nashville, C. & St. L. Ry.* v. *Wallace,* 288 U. S. 249, 260, 264; *United States* v. *West Virginia,* 295 id. 463, 474; Borchard on Declaratory Judgments, pp. 26, 35, 36, 45, 59, 60; *Post* v. *Metropolitan Cas. Ins. Co.,* 227 App. Div. 156; affd., 254 N. Y. 541; *Wardrop Co., Inc.,* v. *Fairfield Gardens, Inc.,* 237 App. Div. 605; *Title Guarantee & Trust Co.* v. *Mortgage Commission, supra.*)

There is not any issue between the plaintiff and the defendants Simpson, and the complaint as to them is dismissed, with costs.

The other defendants in a supplemental memorandum have placed in controversy the rights claimed by plaintiff. It must now be determined whether plaintiff may recover the amount due and owing to it for interest and taxes without forfeiting its right to later sue for the principal amount.

The principal sum according to the terms of the bond and mortgage is due and interest thereon is also due and unpaid, and taxes levied upon the mortgaged property are unpaid. Therefore, the plaintiff has the right to foreclose the mortgage or to recover upon the bond, notwithstanding the moratorium legislation. (Civ. Prac. Act, §§ 1077-a, 1077-b.)

However, in a suit to foreclose the mortgage the deficiency judgment is limited to the difference between the amount owing, including costs and disbursements, and the market value of the mortgaged property, and a similar limitation is placed upon the amount recoverable in an action upon the bond. (Civ. Prac. Act, §§ 1083-a, 1083-b.)

Those sections authorize the mortgagee to sue for the deficiency at the termination of the emergency period. (*Goldman* v. *Ginsberg*, 247 App. Div. 797.)

It has been held, notwithstanding the foregoing sections of the Civil Practice Act, that the mortgagee may recover the amount of interest due and payable upon the principal of his bond and also the amount he has paid for taxes levied upon the mortgaged premises. (*Johnson* v. *Meyer*, 268 N. Y. 701.)

In that case, as in the case under consideration, the interest was payable semi-annually. The answer of the defendant in the above cited case alleged that the value of the mortgaged premises "exceeds in amount all sums due plaintiffs under the bond described" in the complaint, and "any further costs and disbursements incurred in the enforcement thereof;" and further alleged that under section 1083-b of the Civil Practice Act "plaintiffs are not entitled to judgment if the fair and reasonable market value of the mortgaged property * * * is equal to or exceeds the amount which may be claimed as a deficiency." Section 1083-b of the Civil Practice Act does provide that in an action upon a bond during the emergency "to recover a judgment for any indebtedness secured by a mortgage on real property * * * any party against whom a money judgment is demanded, shall be entitled to set off the fair and reasonable market value of the mortgaged property." So that if the court considered the action one upon a bond "to recover a judgment for any indebtedness" then the allegations of the answer were a complete defense to the action. (*Klinke* v. *Samuels*, 264 N. Y. 144.)

Of course, at the time the bond was executed, the only indebtedness was the principal amount of the bond. I believe that the Court of Appeals in *Johnson* v. *Meyer* (*supra*), when affirming a judgment in favor of plaintiff granted upon the pleadings, decided that the indebtedness was the principal sum agreed to be paid and the covenant to pay interest was a separate agreement to pay compensation for the loan of the money, giving rise to a distinct cause of action. There are many authorities in support of this principle of law. (*Dulaney* v. *Payne*, 101 Ill. 325; *Sparhawk* v. *Wills*, 6 Gray [Mass.], 163; *Andover Sav. Bank* v. *Adams*, 1 Allen [Mass.], 28; *French* v. *Bates*, 149 Mass. 73; 21 N. E. 237; *Nesbit* v. *Riverside Independent District*, 144 U. S. 610; *Edwards* v. *Bates County*, 163 id. 269; *Des Moines Savings Bank & Trust Co.* v. *Littell*, 209 Iowa, 22; 227 N. W. 503.)

It follows, of course, that the payment of taxes by a mortgagee under a tax clause in a bond and mortgage is governed by the same principle. (Real Prop. Law, § 254, subd. 6.)

I am of the opinion that *Johnson* v. *Meyer* (*supra*) is decisive of the questions raised in this case and that plaintiff has the right to sue for interest due upon the principal of its bond and for taxes paid by it without losing its right to maintain an action to recover the principal amount.

As there was not any controversy before the commencement of the action between plaintiff and defendants, and as the defendants who have challenged the rights claimed by plaintiff did not do so until after the trial of the action, costs will not be awarded against such defendants.

Judgment may be entered in accordance herewith, without costs to the plaintiff.