UNION TRUST COMPANY OF ROCHESTER, Respondent, *v.* LEAH KAPLAN and KATHRINE THOMPSON, Defendants, Impleaded with SARA SARACHAN and GOODMAN A. SARACHAN, Appellants.

Fourth Department, December 23, 1936.

*Jacob Ark,* for the appellants.

*Arthur E. Sutherland, Jr.,* for the respondent.

EDGCOMB, J. This is an action for a declaratory judgment. On September 3, 1925, the defendants Kaplan and Thompson executed and delivered to the plaintiff a bond, by the terms of which they promised and agreed to pay to the plaintiff the sum of $6,500 one year from date " with interest thereon at the rate of six per cent

(6%) per annum, payable semi-annually July 1 and January 1 of each year." The bond was accompanied by a mortgage on real property. Neither the principal of said indebtedness nor the interest accruing since July 1, 1934, has been paid. City taxes are also due and unpaid. The property has been sold to the defendants Sarachan, who assumed and agreed to pay the mortgage indebtedness.

The bank is content to let the mortgage stand, if the taxes and interest are taken care of as they fall due, but the owners of the property say to the plaintiff, " Foreclose your mortgage; the principal is due and the interest and taxes are in default; go ahead and foreclose; we will not pay any more on this obligation, unless we are compelled to do so by reason of a deficiency judgment." The bank replies: " We don't want to foreclose; we don't want your property; we are willing you should keep it, provided you keep up your interest, and take care of the taxes. We want to co-operate with you in every way possible, so that you can save your property."

The interest and taxes being in default, the moratorium statute does not prevent the plaintiff bringing an action to foreclose the mortgage, or to sue on the bond. (Civ. Prac. Act, §§ 1077-a, 1077-b). But the bank does not wish to do either. It contemplates bringing an action on the bond to recover the back interest and taxes only, and leave the collection of the principal in abeyance. There is no prohibition in the moratorium act against such an action. (*Johnson* v. *Meyer*, 268 N. Y. 701.) But the bank is not unmindful of the rule that a single cause of action cannot be split or divided, and is met with the fear that, if it sues for the interest and taxes now, and later attempts to foreclose or to sue for the principal of the debt, it may be met with a plea that the judgment in the action for interest and taxes will constitute a bar to the subsequent suit. To be relieved of such a predicament, and to have the question settled in advance and before any action on the bond is commenced, plaintiff brings this action for a declaratory judgment, and asks for an adjudication that the commencement of an action to recover the interest and taxes will not constitute a bar to a subsequent action to foreclose the mortgage or to recover the amount of the principal, if either such action is ever brought.

We have already held that the court had authority, in its discretion, to assume jurisdiction of the subject-matter, and settle the uncertainty which existed in the minds of the parties. (*Union Trust Co. of Rochester* v. *Kaplan*, 247 App. Div. 588.) The Special Term has seen fit to exercise such discretion, and has clarified the situation by determining the dispute in plaintiff's favor in so far as to hold

that the bank may maintain an action to recover the interest and taxes without forfeiting its right to later sue for and recover the principal, if so advised. The correctness of this ruling is challenged upon this appeal.

Appellants insist that the relief accorded the plaintiff is erroneous because it permits the plaintiff to split a single cause of action, without the consent of the person against whom the demand exists, and to enter judgment on one part, without forfeiting its rights to bring a future action or actions to recover other portions of the same debt.

It is elementary that an entire and inseparable cause of action, whether the claim be on contract or in tort, must be prosecuted in a single suit. It cannot be torn asunder, and two or more actions brought thereon. To do so renders a plea in abatement or of *res adjudicata* available respectively against all actions, other than the one first commenced, or on which judgment is first rendered. (*Nathans* v. *Hope*, 77 N. Y. 420; *Silberstein* v. *Begun*, 232 id. 319, 324; *Pakas* v. *Hollingshead*, 184 id. 211, 218; *Reilly* v. *Sicilian Asphalt Paving Co.*, 170 id. 40, 42; *Luce* v. *New York, Chicago & St. Louis R. R. Co.*, 213 App. Div. 374; affd., 242 N. Y. 519.)

It is impossible to lay down any hard and fast rule as to just what constitutes a single cause of action. The difficulty arises not so much in stating the precept, as in applying it. The answer to the inquiry depends upon the facts and circumstances of the particular case. The decisions in various jurisdictions on the subject are not in entire harmony.

To establish identity between causes of action in different suits, it is not imperative that the claim in the first action shall necessarily embrace the same items sought to be recovered in the second. It is sufficient to bring the second action within the estoppel of the former judgment, if the cause of action in the first suit is the same, and if the damages or right claimed in the second suit were parts of the same single cause of action upon which the first action was founded. The mere fact that different causes of action spring from the same contract does not, in and of itself, render a suit on one a bar to an action on the other. (*Perry* v. *Dickerson*, 85 N. Y. 345, 347, 352.)

Nor can the right of a plaintiff to maintain separate actions be determined by the fact that the various claims might have been prosecuted in one suit. A plaintiff having separate claims against a defendant may, at his option, join them, with certain exceptions, in the same complaint, or he may prosecute them separately, subject to the power of the court to consolidate them.

As a general rule it may be said that, where several sums or installments are due upon a single contract, they must all be included within one action; otherwise a recovery upon one will constitute a bar to the others. This rule, however, has no application unless such claims are single, entire and indivisible. (*Kennedy* v. *City of New York*, 196 N. Y. 19.)

Here we are dealing with an item of interest and another of money advanced for taxes, and still another of the principal, all of which are due and unpaid. Do the three items constitute a single and entire contract, or are they separate and divisible? Without question all three could be joined in the same action, but is that imperative, if plaintiff is to recover the total amount due on these obligations?

Even though interest is not provided for in the contract itself, it is many times allowed by way of damages to make the creditor good for the loss which he has sustained by reason of the debtor's default. In such a case interest is a mere incident of the debt itself (*Matter of Crane* v. *Craig*, 230 N. Y. 452, 461; *Woerz* v. *Schumacher*, 161 id. 530, 536; *Ledyard* v. *Bull*, 119 id. 62, 74), and as one cannot exist without the other, the two are inseparable, and payment of one would discharge the other. (*Matter of Crane* v. *Craig*, 230 N. Y. 452, 461; *Middaugh* v. *City of Elmira*, 23 Hun, 79; *Cutter* v. *Mayor, etc.*, 92 N. Y. 166, 170; *Southern Central R. R. Co.* v. *Town of Moravia*, 61 Barb. 180, 188, 189; *Craft* v. *Merrill*, 14 N. Y. 456, 463; *Bander* v. *Bander*, 7 Barb. 560, 561, 562.)

But here we have an entirely different situation. Interest is specifically stipulated in the bond and mortgage itself. It forms an integral part of the debt, as much so as the principal itself. (*New York Trust Co.* v. *Detroit, T. & I. R. Co.*, 251 Fed. 514, 517.) It has been held that in such a case the mere acceptance of a part, either principal or interest, does not necessarily extinguish the entire debt. (*Matter of Crane* v. *Craig*, 230 N. Y. 452, 461; *Southern Central R. R. Co.* v. *Town of Moravia*, 61 Barb. 180, 189; *Fake* v. *Eddy*, 15 Wend. 76; *King* v. *Phillips*, 95 N. C. 245; *Matter of Murphy* v. *Prendergast*, 99 Misc. 326; affd., 179 App. Div. 904; *New York Trust Co.* v. *Detroit, T. & I. R. Co.*, 251 Fed. 514, 517.) Whether it does or not depends upon the facts involved in the particular case, and the construction which should be given to the contract itself.

It is elementary that in construing a contract the court should, so far as possible, ascertain and give effect to the mutual intention of the parties as therein expressed. Here the mortgagors contracted to pay the plaintiff the principal of the bond one year from its date " with interest thereon at the rate of six per cent

(6%) per annum, payable semi-annually July 1 and January 1 of each year." It is apparent that, while the parties agreed that the principal would become due one year from the date of the bond, and could be demanded or paid at that time, if desired, they contemplated and expected that, unless conditions changed, it would run on indefinitely, provided the interest was paid; in the meantime the parties stipulated that the interest should be payable semi-annually on January first and July first. This is apparent by the use of the word " semi-annually " when fixing the rate of interest, and the words " of each year," when fixing the date of payment. Effect must be given to these expressions. Real estate had been pledged for payment of the indebtedness, and the whole transaction has every earmark of a long-time loan. It is not the case of an ordinary promissory note, without security, which is made payable on a day certain, and where the interest is due at the same time, and where it is expected that the note would be paid at maturity, or otherwise renewed. We may take judicial notice that the great majority of bonds and mortgages are allowed to run long after their due date, if the interest and taxes are promptly paid. Under these circumstances, I do not think that it can be said that this is one entire and indivisible demand, but that it should be considered, as was contemplated by the parties, as an agreement to do several things at different times, and that it is divisible in its nature, and that an action in assumpsit will lie for each default. (*Sparkhawk* v. *Wills*, 72 Mass. 163; *French* v. *Bates*, 149 id. 73, 79; 21 N. E. 237; *Andover Savings-Bank* v. *Adams*, 83 Mass. 28; *Badger* v. *Titcomb*, 32 id. 409; *Dulaney* v. *Payne*, 101 Ill. 325; *Wehrly* v. *Morfoot*, 103 id. 183; *Des Moines Savings Bank & Trust Co.* v. *Littell*, 209 Iowa, 22; 227 N. W. 503; *King* v. *Phillips*, 95 N. C. 245; *Edwards* v. *Bates County*, 163 U. S. 269; *Nesbit* v. *Riverside Independent District*, 144 id. 610; *Butterfield* v. *Town of Ontario*, 44 Fed. 171.)

There is another reason which leads me to this conclusion. It is quite apparent that the Legislature, by the adoption of the moratorium statute, intended to separate, if the law had not already done so, a cause of action to recover the principal of a mortgage indebtedness and the interest thereon, even though both were due at the time collection of one or the other was attempted. The very purpose of the moratorium act was to save mortgaged property from foreclosure, and to prevent an action being brought on a bond, even though the principal indebtedness was due, if the interest and taxes were paid. The Legislature sought, in effect at least, to prolong the time of payment of the principal, notwithstanding the due date specified in the contract. I think that we

should, so far as possible, observe the spirit of this statute, as well as its letter. Plaintiff should not be penalized for falling in with the real intent of the Legislature, and following the broad and comprehensive meaning of the statute itself.

*Johnson* v. *Meyer* (242 App. Div. 798; affd., 268 N. Y. 701) is not decisive of this action. Plaintiffs in that case sought to recover two installments of interest on a bond and mortgage which were due and unpaid, as well as money advanced for taxes. The due date of the principal of the indebtedness does not appear. The question raised was whether there was any restriction under section 1077-a of the Civil Practice Act when the action was based upon a default in the payment of interest and taxes. It was held that there was not. The question of splitting a cause of action was not discussed in the briefs, and there is no opinion in the Appellate Division or Court of Appeals.

For the reasons stated, I think that the judgment and order appealed from should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment and order affirmed, with costs.