EUGENE BLACK, JR., Plaintiff, *v.* METROPOLITAN CASUALTY INSURANCE CO. OF NEW YORK, Defendant.

City Court of New York, Special Term, New York County, December 23, 1937.

*Harry Sammet*, for the plaintiff.

*O'Connor & Farber*, for the defendant.

RYAN, J. This is an action to recover principal and interest alleged to be due under the following written guaranty by the defendant of payment of a $1,000 six per cent first mortgage bond certificate issued by one Joseph F. Faiella, Inc., the mortgagor: " The Metropolitan Casualty Insurance Company of New York, for value received, hereby guarantees the payment of this bond certificate, and the payment of the attached interest coupons as the same fall due, upon condition that, at its option, it is to be allowed sixty (60) days from date of maturity within which to pay the principal amount, but with interest in the meantime at the rate named in said certificate."

The bond certificate upon which this guaranty is indorsed matured on May 1, 1936. The last interest coupon, payable on that date, was paid by the defendant. Thereafter the plaintiff, then an infant, by his guardian *ad litem*, commenced an action in the Municipal Court of the City of New York to recover six months' interest allegedly due for the period from May 1, 1936, to November 1, 1936, under defendant's guaranty. Defendant allowed judgment to go against it by default and judgment thus recovered against defendant was satisfied. Subsequently the plaintiff commenced the present action to recover the principal sum due, and also interest for a further period of six months from November 1, 1936, to May 1, 1937.

The defendant has interposed various affirmative defenses.

The first of these defenses is that the satisfaction of the judgment for interest accruing after the maturity of the bond constitutes a bar to any further action upon the guaranty, either for the principal sum guaranteed or for interest.

The second defense is based upon the following facts: Pursuant to section 77-B of the Bankruptcy Act (U. S. Code, tit. 11, § 207) the mortgagor submitted to the United States District Court for the Southern District of New York a plan of reorganization with respect to the first six per cent serial gold loan certificates, of which the certificate in suit is one. This defendant, as guarantor of the payment of the mortgage bond certificates, thereupon agreed, upon ·certain express conditions, that it would not assert the defense that its obligation of guaranty was released by virtue of the plan of reorganization. One of these conditions was that if any legal proceedings should be instituted against it by the holder of any guaranteed mortgage certificate, it should be entitled as a setoff or counterclaim to an amount equal to the fair value of certain securities which such holder would receive under the plan of reorganization. The plan of reorganization was accepted by the holders of more than two-thirds of the principal amount of mortgage certificates and interest warrants, and such plan with the approval of the District Court became effective. The defendant now claims a setoff to the extent of the fair value of the securities which plaintiff has received or will receive under the plan of reorganization.

The third separate defense is that the fair and reasonable market value of the mortgaged property, less the amount owing on prior liens and incumbrances, is in excess of the amount of plaintiff's claim.

The plaintiff has moved for partial summary judgment in the sum of thirty dollars, representing interest from November 1, 1936, to May 1, 1937, at the rate of six per cent per annum. The defendant has cross-moved for summary judgment, seeking to dismiss the complaint both as to principal and interest.

The defendant contends, in the first place, that it is not liable for any interest after the due date of the certificate, never having guaranteed payment thereof, and that its liability both with respect to principal and interest has been discharged by the prosecution of the suit for interest accruing after the due date of the principal; a separate suit for such interest resulted, according to defendant's contention, in a splitting of plaintiff's cause of action; plaintiff could not, or so defendant maintains, sue for such interest only and thereafter maintain an action on the principal, for interest, after the principal has matured, is a mere incident of the debt itself and collection of such interest is clearly distinguishable from the collection of interest coupons attached to the bond certificate.

It is necessary to inquire whether the plaintiff, when he sued for the interest accruing after the due date of the principal, could also have successfully maintained an action for the principal. It is at

once seen that the plaintiff could not have done this, that the plaintiff was prevented by the mortgage moratorium statutes, particularly section 1077-b of the Civil Practice Act, from successfully suing for the principal. Indeed, by virtue of that statute and other so-called emergency provisions of article 65 of the Civil Practice Act, interest upon past due mortgage debt may be said to be no longer a mere incident of the debt. On the contrary, interest goes on, although payment of the principal is suspended. Payment of interest may be said to suspend the payment of the principal. The emergency statutes thus create an anomalous situation to which the court cannot shut its eyes. That situation gives rise to collateral consequences. It is a collateral result of the anomaly created by the statutes that the plaintiff may, after the maturity of the principal, sue periodically for interest without subjecting himself to the defense that he has thereby split his cause of action. As plaintiff cannot enforce the principal of the debt at its maturity, he should be accorded the same rights to recover continuing interest that he had before the due date of the debt, which interest in the case at bar is not greater than interest at the legal rate.

It is true that this defendant guaranteed the payment only of principal and of interest accruing before the maturity of the mortgage certificate. However, the defendant has taken advantage of the emergency statutes, and has failed to pay the bond certificate, though past due. Defendant should, therefore, pay interest on that certificate and may properly be held subject to suit for such interest from time to time. This defendant guarantor has accepted the benefits of a statute which is in derogation of its express contract with plaintiff and which is valid only because of a declared emergency. It is but just to hold that the same law which temporarily relieves the defendant from the performance of its contract of guaranty of the principal sum now due under the mortgage bond certificate requires it to pay interest on such sum, in any event at a rate no greater than the legal rate, while the contract of guaranty remains unperformed. If any other holding were adopted, it would follow that upon maturity of the bond plaintiff's right of recourse against the guarantor for collection of the principal would be suspended during the duration of the emergency, yet plaintiff would be unable to collect any interest for that period from the guarantor. If defendant is unwilling to pay that interest, it may instead fulfill its contractual obligation to pay the past due principal.

*Union Trust Company of Rochester* v. *Kaplan* (249 App. Div. 280) and *Union Trust Company of Rochester* v. *Simpson* (160 Misc. 836) establish that during the emergency the holder of a mortgage bond

may sue for interest accruing after the maturity of the bond without losing the right to maintain a subsequent action to recover the principal amount. Those cases did not involve guarantors, but principal debtors. It is, however, necessary to extend the same principle to a suit against a guarantor, who is similarly benefited by the emergency legislation. Of necessity, the agreement of defendant to guarantee the payment of interest semi-annually continues so long as the moratorium is in force.

That a suit for interest may be maintained, notwithstanding the emergency statutes, is no longer open to question. (See *Rochester Trust & Safe Deposit Co.* v. *Hatch*, 273 N. Y. 507; *Johnson* v. *Meyer*, 242 App. Div. 798; affd., 268 N. Y. 701.)

Defendant claims to be entitled to a setoff to the extent of securities which plaintiff has received or may receive in the reorganization proceedings. It is not shown that the plaintiff has received any such securities. It appears, indeed, that he has not. The alleged setoff, therefore, does not require any consideration at this time. (See *Union Trust Co. of Rochester* v. *Willsea*, 275 N. Y. 164.)

Accordingly, the plaintiff's motion for partial summary judgment for interest accruing after the due date of the mortgage bond certificate, to wit, for the period from November 1, 1936, to May 1, 1937, in the sum of thirty dollars, is granted and partial summary judgment may be entered accordingly in plaintiff's favor. The action is severed as to the balance in suit.

Defendant's cross-motion for summary judgment is denied. As defendant, in making such cross-motion, expressly disclaims reliance upon the moratorium laws as a defense to the action for the principal, and does not seek a dismissal on that ground, it is unnecessary at this time to consider the present effect of sections 1077-a and 1077-b of the Civil Practice Act upon the present demand of plaintiff for the principal. Defendant's right to set off the market value of the mortgaged property against the demand for principal is not involved in this motion. There is no proof of the market value. Order signed.