JAKOB DUTKO et al., Plaintiffs, *v.* ANDREW S. KOCIS, Individually and as Executor of MARY MACHOVIC, Deceased, et al., Defendants.

County Court, Schenectady County, August 16, 1943.

*Hannibal Pardi* for Andrew S. Kocis, defendant.

*Thaddeus S. Ogonowski* for plaintiffs.

LIDDLE, J.  The plaintiffs are the owners of a bond and mortgage executed by one Mary Machovic, now deceased. The payment of the mortgage has been assumed by certain defendants.

On this motion the facts are admitted. One of the defendants, Andrew S. Kocis, moves that the complaint be dismissed upon the ground that the facts set forth therein are not sufficient to constitute a cause of action, as a matter of law.

The facts, briefly, are as follows: On July 1, 1930, Mary Machovic, now deceased, executed a bond and mortgage to plaintiffs conditioned for the payment of the sum of $2,700, payable three years after date, with interest at the rate of 6% per annum, with the privilege of paying on the principal sum any sum of not less than $100 on any interest date.

Mortgagor's successors in interest defaulted in the payment of the 1935–1936 taxes. It is also admitted that mortgagors defaulted in the payment of certain installments of interest, as alleged in the complaint.

On September 30, 1936, plaintiffs, the mortgagees, and defendants, the successors in interest to the mortgagor, entered into an extension of the payment of the mortgage indebtedness which

was then $2,400, and which principal sum at the commencement of this action on June 23, 1942, had been reduced to the principal sum of $2,350.

By certain stipulations and agreements in the extension of the mortgage agreement, mortgagors were extended the privilege of paying the defaulted taxes, together with the unpaid interest, at certain dates therein mentioned after September 30, 1936. It is conceded that these defaulted payments have not been paid by the mortgagors. By the terms also of the extension of mortgage, the principal sum unpaid on the 30th day of September, 1936, was postponed until the 1st day of January, 1940.

The defendants now urge upon the court that the provisions of sections 1077-a, 1077-b, and 1077-g of the Civil Practice Act apply to the facts as alleged in the complaint and that the summons and complaint herein should be dismissed.

Counsel for the mortgagees equally urges that the same sections do not apply; *first,* that the statutes are silent as to the default of the mortgagors upon the payment of taxes and interest; and *second,* that by reason of the terms and conditions of the extension of mortgage, the moratorium statute does not apply.

The only legal effect of the extension of the mortgage between the parties was the postponement of the time of payment of the principal. The controlling stipulation in the postponement is as follows: " And it is further mutually agreed that nothing herein shall waive, annul, vary or affect any provision, condition, covenant or agreement contained in said bond and mortgage, EXCEPT THE TIME OF PAYMENT (as aforesaid) NOR AFFECT OR IMPAIR ANY RIGHTS, POWERS OR REMEDIES UNDER THE SAID BOND AND MORTGAGE, OR EITHER OF THEM.''

On and before the date of the extension agreement, namely, September 30, 1936, it is admitted that the mortgagees, under section 254 of the Real Property Law, were vested with certain definite and distinct rights and remedies: (a) the right to demand and prosecute by action, the right to declare the whole sum due; (b) the right to the mortgagees of the power to sell; (c) the right, further, to foreclose the mortgage in default of payment of taxes and interest.

Sections 1077-c through 1077-g of the Civil Practice Act are silent as to the rights, powers and remedies of a mortgagee upon the mortgagor's defaulting in the payment of taxes and interest. Under the terms and conditions of that part of the extension of the mortgage quoted above the mortgagees

reserved unto themselves all of their rights, powers and remedies of which they were vested prior to the date of the execution of the extension agreement.

It would follow that the moratorium statute is silent with reference to the default of payment of taxes and interest and the rights and remedies and powers ensuing of which the mortgagee was then vested.

I am of the opinion that those rights, powers and remedies should not at this time be abrogated in the absence of specific statutory direction. (*Johnson* v. *Myer*, 242 App. Div. 798; *Union Trust Company of Rochester* v. *Simpson*, 160 Misc. 836; *Central Hanover Bank & Trust Co.* v. *Roslyn Estates*, 266 App. Div. 244; *Bedcro Realty Corp.* v. *Brooklyn Trust Co.*, 290 N. Y. 520.)

Motion for dismissal of the complaint is therefore denied. Submit order.