(18 Misc. Rep. 484.)

SHERMAN v. ENGEL.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

LANDLORD AND TENANT—TERMINATION OF LEASE.

Consent by a landlord that a sign "To Let" be affixed to the premises, and naming an agent to "put the bill out," and acceptance of rent from another tenant secured by the agent so designated, show a discharge of the lease.

Appeal from Sixth district court.

Action by Frederick W. Sherman against Louisa Engel. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

M. S. Guiterman, for appellant.

Frank M. Tichenor, for respondent.

BISCHOFF, J. This action was brought to recover the rent of an apartment for one month (from June 15 to July 15, 1896), under a sealed lease for 17 months entered into on the 22d day of November, 1895, between the defendant, as tenant, and one Ross, the owner of the premises, as landlord. The plaintiff is the successor in title

of Ross, and his assignee of the lease; the transfer of ownership having taken place June 1, 1896. The defendant removed from the premises in the month of May, 1896, and claims, in defense to this action, that Ross accepted her surrender of the lease, and recognized one Neil as the succeeding tenant, accepting payment of rent from him as such tenant. From the evidence, although in conflict, the justice was not unauthorized to find the fact, as he did, favorably to this defense; and we may not properly disturb that finding, which in turn necessarily led to the legal conclusion that the defendant should prevail upon the issue litigated. The defendant's testimony showed that Ross consented to the affixing of the sign "To Let" upon the premises, and named one Kenny as the agent to "put the bill out." Kenny testified that he secured Neil as the tenant, and that Ross, in the course of an interview with the witness, approved of the selection, received rent from Neil, and expressed his willingness to accept him as tenant for a year. This was denied by Ross, but, in the absence of extraneous circumstances affording substantial corroboration of his testimony, we are not to say that Kenny's story was improperly given credit by the justice, whose determination as to the facts was aided by his opportunity of observing the manner in which the testimony was given, and the appearance of the witnesses upon the stand. It was quite competent to the parties to this lease (Ross and the defendant) to discharge it by parol. Tallman v. Earle (Com. Pl.) 13 N. Y. Supp. 805. And the fact of that discharge appears from Kenny's testimony as to the transaction between Ross and himself when acting, in this regard, in behalf of Mrs. Engel, the defendant. Consideration for the landlord's agreement to discharge the tenant is to be found in the fact of her surrender and delivery of possession, and no question was raised upon the trial as to the competency of the defendant's proof in support of that agreement. It would appear, however, that the statute of frauds does not apply to the transaction, since the term surrendered was of no more than a year's duration, and therefore neither the agreement of surrender, nor the agent's authority, were required to be evidenced by writing. 2 Rev. St. (Banks Bros.' 9th Ed.) p. 1884, § 6. The question litigated was entirely one of fact,—whether or not there had been an executed oral agreement to discharge the lease (Tallman v. Earle, supra),—and we should not disturb the conclusion reached in the affirmative.

Judgment affirmed, with costs. All concur.