(27 Misc. Rep. 514.)

### LEWIS et al. v. DONOHUE et al.

(Supreme Court, Appellate Term. May 24, 1899.)

1. COMPROMISE AND SETTLEMENT—CONSIDERATION.

   The surrender by the lessee of an unexpired lease, and the delivery of possession, was a sufficient consideration for the landlord's oral agreement to discharge the tenant's judgment obligation for back rent on payment of a less sum than the amount due thereon.

2. SAME—RESCISSION.

   A creditor cannot attack, for want of consideration, an executed oral settlement whereby he accepted a sum less than the face value of the debt.

3. LANDLORD AND TENANT—ACTIONS FOR RENT—PLEADING.

   In an action to recover rent, where the execution of the lease and the nonpayment of the rent sued for are admitted, the denial of the conclusion of law that the sum was due raises no issue.

4. TRIAL—RIGHT TO OPEN AND CLOSE.

   The right of a defendant who sets up an affirmative defense to open and close the case is not lost because the answer denies facts stated in the complaint which need not be proven.

Appeal from city court of New York, general term.

Action by Nathan Lewis, individually, and himself and another as executors of the will of Henry A. Lewis, deceased, against Bridget T. Donohue and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Sidney H. Stuart, for appellants.

George D. Beattys, for respondents.

LEVENTRITT, J. The judgment under review was recovered by the defendants in an action instituted against them for rent. The allegations of the complaint are that in January, 1896, there was executed a written lease for the term of 15 months, commencing the 1st day of February, 1896, at a stipulated annual rental, payable in equal monthly installments in advance; that the defendants took possession of the premises "and occupied the same"; that they defaulted in the payment of the rent for the month of May, 1896, amounting to $91.67, "which is now due these plaintiffs for rent of said premises for the month of May as aforesaid"; that one of the lessors died after suit brought; and that his executors were duly substituted. The answer admits all the allegations of the complaint except the portions quoted, and sets up as a separate defense an executed agreement to cancel the lease. The essential details, as pleaded, are that the defendants refused to pay the April rent by reason of alleged untenantability; that by inadvertence they allowed judgment to be taken against them by default in the sum of $115.21; that thereupon negotiations were had, resulting, in April, 1896, in an agreement by the lessors to accept the sum of $75 and a surrender of the lease in full satisfaction of the judgment, and to allow the tenants to occupy the premises free of charge for a certain period; and that they performed the conditions of this agreement on their part. On the trial the plaintiffs moved for judgment on the pleadings;

claiming that no material allegation of the complaint was denied, and that the alleged agreement on which the separate defense was founded was without consideration. The motion was denied, and, over the plaintiffs' objection, the affirmative was given to the defendants. Predicating error on each of these rulings, this appeal was taken.

Neither ground urged by appellants will support a reversal. The defendants' special plea discloses a sufficient consideration. The payment of $75, though less than the amount of the default judgment, coupled with the surrender of the lease, invested the oral agreement with binding legal force. While it is undoubtedly true, as a general proposition, that the payment of a portion of an undisputed liquidated debt will not support an agreement by the creditor to accept the part paid in satisfaction of the whole (Pabodie v. King, 12 Johns. 426; Halliday v. Hart, 30 N. Y. 474), courts have seized "with avidity upon any consideration to support the agreement to accept the lesser sum in satisfaction of the larger, or, in other words, to extract, if possible, from the circumstances of each case, a consideration for the new agreement, and to substitute the new agreement in place of the old, and thus to form a defense to the action brought upon the old agreement." Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, and cases there cited. A creditor cannot bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained debt of a larger amount, such an agreement being nudum pactum; but if there be any benefit, or even any legal possibility of benefit, to the creditor, that additional weight will turn the scale, and render the consideration sufficient to support the agreement. Allison v. Abendroth, 108 N. Y. 470, 15 N. E. 606; Boyd v. Hitchcock, 20 Johns. 76; Le Page v. McCrea, 1 Wend. 164; Jaffray v. Davis, supra; Bull v. Bull, 43 Conn. 455. In the case at bar the surrender of the lease and the delivery of possession alone constituted sufficient consideration for the landlord's agreement to discharge the tenant's obligation. Sherman v. Engel, 18 Misc. Rep. 484, 41 N. Y. Supp. 529. The defendants further yielded what they, at least, deemed to be a good defense,—the untenantability of the premises,—which they might have interposed on opening the default. Either in that event, or in the step necessary to enforce the judgment, the landlords would have been subjected to further litigation, trouble, and expense. From all of this they were relieved by the settlement. Jaffray v. Davis, 124 N. Y., at page 172, 26 N. E. 353.

There is, however, a further principle which the appellants overlook in attacking the complaint. The oral agreement had become executed, and the landlords, having accepted its benefits, cannot now assail it. It was quite competent for the parties to this lease to abrogate it by an executed parol agreement. Tallman v. Earle (N. Y. Com. Pl.) 13 N. Y. Supp. 805; Sherman v. Engel, supra. Were the lessees defending under an executory verbal contract, there might be merit in the contention that the payment of a sum less than the debt did not constitute a good accord and satisfaction. Coe v. Hobby, 72 N. Y. 141. But, the oral agreement having been executed, the lessors cannot repudiate it. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458.

We hold, then, that the agreement set up in the separate defense was not void or without consideration.

There remains to consider which party had the affirmative under the issues raised by the pleadings. No material allegation of the complaint was denied, and the plaintiffs were not required to offer any proof to sustain their cause of action. The liability of the defendants was to no extent dependent upon occupancy of the premises, and their denial that they occupied the same created no issue. Their obligation to pay rent was complete when they signed the lease, and their refusal or omission to occupy the premises could not affect their liability. Nor did the denial that the sum was due raise an issue. Having admitted the execution of the lease and the nonpayment of the rent sued for, the denial of the conclusion of law that the sum was due was a nullity. Where the complaint alleges facts not essential for the plaintiff to prove, and the same are denied by the answer, this does not deprive a defendant who sets up an affirmative defense of the right to open and close the case. Murray v. Insurance Co., 85 N. Y. 236. The defendants therefore properly had the affirmative.

Beyond the points discussed, the record reveals nothing but the litigation of a question of fact, which was fairly submitted to the jury. The judgment should be affirmed.

Judgment affirmed, with costs to the respondents. All concur.