## KRUMDIECK et al. v. EBBS.

(Supreme Court, Appellate Term.   November 6, 1903.)

1. LANDLORD AND TENANT—SURRENDER AND ACCEPTANCE.
    Where the lessee of a building surrendered the keys to the lessor's janitor, who gave them to the lessor nearly a month before the lessee was to begin the payment of rent, and the lessor leased the premises to another party 15 days before that time, there was a surrender and acceptance, relieving the lessee of liability for rent.

Appeal from Municipal Court, Borough of the Bronx.
Action by William G. Krumdieck and another against Coleman Ebbs.   From a judgment for plaintiffs, defendant appeals.   Reversed.
Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

M. Kamber, for appellant.

J. H. Hildreth, for respondents.

PER CURIAM. This action was brought to recover for rent of a store for the month of February, 1903, under a verbal lease from month to month. Defendant pleaded a surrender and acceptance. Plaintiffs had a judgment, and the defendant appeals.

The proof on the part of the defendant clearly establishes the following facts: The defendant removed all his property from the premises in January, and surrendered the keys to the plaintiffs' janitor, who gave them to the plaintiffs about February 3, 1903. Prior to February 1st plaintiffs had put a notice "To Let" in the store window. They entered into negotiations with other parties for the leasing of the premises, and allowed those parties to enter upon the premises upon February 15, 1903, although the lessees were not to begin payment of rent until March 1, 1903. Under this state of facts, we think the defendant made out a clear case of surrender and acceptance, and plaintiffs cannot recover. Sherman v. Engel, 18 Misc. Rep. 484, 41 N. Y. Supp. 959.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event.