## ETTLINGER v. KRUGER.

(Supreme Court, Appellate Term. November 11, 1910.)

1. LANDLORD AND TENANT (§ 194*)—RENT—RIGHT—SURRENDER—SUBSTITUTION.
    The lessor's executed oral agreement, as where he accepts another tenant in place of the original lessee who has surrendered the premises, will release the lessee.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 233*)—ACTION FOR RENT—EVIDENCE—QUESTION FOR JURY.

In an action for rent against a lessee who defended on the ground of an executed oral agreement, by which he had been discharged and another tenant accepted, evidence as to the existence of the agreement *held* to present a question for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 942; Dec. Dig. § 233.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Ettlinger against Theodore Kruger. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Fromme Bros. (Chilton Devereux, of counsel), for appellant.
Lehmaier & Pellet (William W. Pellet, of counsel), for respondent.

PAGE, J. One Sylvester L. H. Ward leased the premises in suit to Theodore Kruger by a written lease dated December 31, 1896, for a term of five years; the tenant covenanting to pay, in addition to the rent reserved, the annual water taxes. By various written extensions, the said lease was extenled to February 1, 1912, with increase of rent and the letting of additional adjoining space; the annual rental finally agreed upon being $7,100 per annum. There was no covenant in the lease against assigning or subletting without the landlord's consent. The defendant, Kruger, occupied the said premises, which were used as a restaurant, under the said lease and its extensions down to and including September 30, 1905. At that time he decided to sell the restaurant and retire from business. It is undisputed that he went to the lessor and informed him that he was about to sell to one August Nigey; that the sale was made, and Nigey entered into possession; that Kruger assigned the unexpired term of the lease to Nigey; that Nigey took possession; that the lessor, Ward, collected rent thereafter from Nigey up to the time of his sale of the property to the plaintiff in January, 1909; that at that time Nigey was in arrears for rent to the amount of $4,733.35, for which sum Ward had accepted Nigey's notes; that he made no claim, and expressly stated he had no claim, against Kruger for the amount of these arrears of rent; that Nigey filed a petition in bankruptcy in April, 1910, and Ward made proof of claim against him for the amount of these notes. At the time of the sale of the premises to Ettlinger, the plaintiff, Ward assigned to him the lease. Plaintiff now sues for the monthly installments of rent for April and May, 1910, amounting to $1,183.32 and for $120.40 Croton water rent due to the city of New York September 29, 1909. Defendant denied generally the material allegations of the complaint and as an affirmative defense set up his sale and assignment to Nigey alleging that this transaction was entered upon with the knowledge and consent of the landlord, Ward, who "accepted Nigey as tenant of said premises and then and thereafter collected the rent thereof from said Nigey and then and there released this defendant as tenant and relieved and discharged him from any and all liability as tenant of said premises ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

cruing subsequent to said 30th day of September, 1905." At the close of the trial, the court directed a verdict for the plaintiff for the full amount.

The sole question raised by this appeal is as to whether or not there was a consent to the substitution of the new tenant whereby Kruger was discharged and released by Ward from any further obligation under the lease. There was no written release or discharge, but the lessor could, by an oral agreement subsequently executed, release the lessee, and such an executed oral agreement would constitute the necessary "act or operation of law" required by the statute to make the release effective. Vandekar v. Reeves, 40 Hun, 430; Tallman v. Earle (Com. Pl.) 13 N. Y. Supp. 805; Sherman v. Engel, 18 Misc. Rep. 484, 41 N. Y. Supp. 959; McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793.

Whether such an agreement has been made and carried out so far as to estop the lessor or his assignee from asserting any claims against the lessee for subsequent rental is in each specific instance a question of fact. The cases cited by the respondent merely serve to show that the evidence was not sufficient in those instances to prove that an oral release had been agreed upon and carried into execution. In the case before us there was evidence from the testimony of the defendant's attorney as to a declaration of Ward that he would release Kruger which, coupled with his subsequent conduct with respect to Nigey, tended to show the existence and execution of such an agreement to discharge and release Kruger. Ward, in rebuttal, denied the alleged declaration; thus it is clear that a substantial issue of fact was raised which the jury alone could determine, and it should have been submitted to them for determination.

The judgment must, therefore, be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.