(72 Misc. Rep. 385.)

### DI CAPRIO v. YANARO.

(Supreme Court, Appellate Term.   June 29, 1911.)

1. LANDLORD AND TENANT (§ 208*)—RELEASE OF TENANT.
   The mere taking by a landlord of rent from an assignee of the tenant, covenanting not to assign without the landlord's written consent, does not release the tenant from his promise to pay rent; but the promise may be discharged by an executed parol agreement to that effect, supported by a·valuable consideration.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821–831; Dec. Dig. § 208.*]

2. LANDLORD AND TENANT (§ 208*)—DISCHARGE OF TENANT FROM LIABILITY—CONSIDERATION.
   The obtaining of a new tenant in place of the original tenant, unable to pay the rent, is a valuable consideration, sufficient to support a promise to discharge the original tenant from his covenant to pay rent.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821–831; Dec. Dig. § 208.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Salvator Di Caprio against Carmine Yanaro. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Robert E. Bergman, for appellant.

Gerard J. Cuoco, for respondent.

GUY, J. Action for water rates and repairs to a meter under a lease by which tenant agreed to pay the water charges, less $25 per annum, which landlord was to allow. The lease contained a covenant against its assignment without the landlord's written consent. For the water rates accruing prior to July 14, 1909, when one Marano took possession as the assignee of the tenant, aggregating about $27.78, there is no defense, and the plaintiff was entitled to recover at least that amount. The rent reserved in the lease was $130 a month; but, defendant being unable to pay it, it was reduced by parol to $105 about a year after he went into possession.

About July, 1909, the defendant says he told the plaintiff that he would have to find another tenant to take the lease, otherwise the defendant would have to drop it; that it was then arranged that Marano, the present tenant, should be allowed to take the lease. As a result of this, on July 14, 1909, the defendant assigned his lease and made a bill of sale of his business to Marano, who ever since has occupied the premises and paid the plaintiff rent; but Marano has never paid, and no attempt has ever been made to compel him to pay, the water rates, etc., accruing since July 14, 1909. Receipts for all rents paid by Marano were given in defendant's name as tenant. Defendant is corroborated by another witness in his claim that plaintiff agreed verbally to take Marano in his place as tenant. Plaintiff's testimony to the contrary is also corroborated.

[1] The mere taking of rent from Marano, the assignee of the lease, would not release defendant from his covenant to pay the rent. People v. German Bk., 126 App. Div. 232, 235, 110 N. Y. Supp. 291; Manley v. Berman, 60 Misc. Rep. 91, 92, 111 N. Y. Supp. 711; Wallace v. Diminy, 11 Misc. Rep. 317, 32 N. Y. Supp. 159; Ranger v. Bacon, 3 Misc. Rep. 95, 96, 22 N. Y. Supp. 551.

[2] But the covenant could be discharged by an executed parol agreement for a valuable consideration; and the obtaining of a new tenant, where the old one is unable to pay, is a valuable consideration. Lewis v. Donohue, 27 Misc. Rep. 514–517, 58 N. Y. Supp. 319; Weisbrod v. Dembosky, 25 Misc. Rep. 485, 55 N. Y. Supp. 1; Sherman v. Engel, 18 Misc. Rep. 484, 41 N. Y. Supp. 959.

On this question of fact, as to whether plaintiff, in accepting rent from the new tenant, agreed to release the defendant as to all subsequent obligations under the lease, the jury found in favor of the defendant; but, as plaintiff is entitled to recover for the amount of water rates accrued before July 14, 1909, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.