DAVID GORLIN, Respondent, *v.* HRVATSKY PUBLISHING CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, February 10, 1926.

**Landlord and tenant — surrender of lease — action for rent for months of July, August and September — exclusion of parol evidence showing surrender and acceptance of lease error where unexpired term did not exceed one year — evidence shows surrender and acceptance of lease — complaint dismissed.**

In an action on a written lease to recover the rent of premises for the months of July, August and September, it was error to exclude parol evidence offered by defendant to prove a surrender and acceptance of said lease as of August first, for the reason that the unexpired term of the lease did not exceed one year. Moreover, plaintiff's complaint should be dismissed, since the evidence shows that as a result of the conversation between plaintiff and defendant, defendant removed from the premises prior to July thirty-first, directed plaintiff to apply the deposit given on taking possession on the July rent, and gave plaintiff a

check, which plaintiff retained, for the August rent containing an indorsement that it was in "full of all claims, surrender and acceptance" of the lease.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Second District, in favor of plaintiff.

*Silas W. Sollfrey,* for the appellant.

*Irving Jacobson,* for the respondent.

DELEHANTY, J. The action is brought on a written lease to recover the rent of a store for the months of July, August and September, 1925, at a monthly rental of fifty-five dollars. Fifty-five dollars was deposited with the plaintiff by defendant at the time of the signing of the lease as security to be applied on the last month's rent of the term. The principal defense is surrender and acceptance of the lease. The court throughout the trial took the position that the term demised lease being for more than a year the defendant could not prove a surrender and acceptance by parol evidence. It is true that near the end of the trial such evidence was allowed to be introduced to prove the surrender, but this evidence was taken subject to a motion to strike out. Such a motion was made at the close of the case and the court announced: "Decision reserved on the motion and on the entire case." There does not appear to have been any determination by the trial justice on the motion to strike out testimony conditionally received. We must, therefore, assume that since the trial justice decided the case in favor of plaintiff, such determination taken in connection with the record of the trial, was based on the ground that the parol evidence offered by defendant was inadmissible to prove a surrender and acceptance, and that the motion to strike out was granted. As the unexpired term of the lease did not exceed one year parol evidence was admissible to prove the agreement for surrender. (*Smith* v. *Devlin,* 23 N. Y. 363–365.) The ruling of the justice excluding proof of a parol agreement of surrender and the facts implying such was, therefore, erroneous. The evidence in this case sustains the defense of defendant that there was a surrender and acceptance of the lease. There appears to have been some conversation in June, 1925, between the plaintiff and defendant in reference to a surrender of the lease in question. Defendant claims that such conversation resulted in the agreement that defendant should remove from the demised premises prior to the expiration of July, 1925, and that the deposit should be applied on the July rent, and that the defendant should give plaintiff a check for the August rent. That there was such an agreement is evidenced by the acts of the parties thereafter. After such con-

versation, at the request of plaintiff, the defendant placed in the windows of the store two " To Let " signs which the plaintiff had sent him. On the 21st day of July, 1925, plaintiff came to the defendant's store to which he had removed his place of business, which was just around the corner from the store the defendant previously occupied. Such visit was made pursuant to an appointment for the purpose of receiving the defendant's check for the August rent. The defendant at such time gave the plaintiff a check with the indorsement thereon in the following words and figures to wit:

" HRVATSKI LIST & DANICA HRVATSKA
" No. 1741      HRVATSKI PUBLISHING COMPANY, INC.
              " 512 East 11th St., New York, N. Y.
                                    " NEW YORK, *July* 18*th*, 1925.
" Pay to the Order of D. Gorlin                              $55.00
" Fifty-five and no /100................................Dollars
" To THE CORN EXCHANGE BANK
                        HRVATSKI PUBLISHING CO., INC.
" Union Square Branch          JOHN KRESICH, *Pres.*
       " New York              PAUL CAMINITI, *Vice Pres.*"

*Indorsement on above check:* " In full of all claims, surrender and acceptance of lease of 512 East 11th Street, New York City."

The plaintiff has never returned such check and it is still in his possession and no matter what the plaintiff's statements are as to why he never cashed the check the fact remains undisputed that he never notified the defendant until the time of the trial that he did not intend to use the check. All of the property of defendant had been removed from the demised premises prior to August 1, 1925, and he was not in possession thereof thereafter. On July 24 or 25, 1925, the defendant went to said premises for the purpose of surrendering the keys to plaintiff. He was unable after various visits to find him and before August 1, 1925, sent the keys to plaintiff. It appears that such keys were received by the janitor. The reason defendant had for not surrendering the keys before August 1, 1925, was that when he visited the premises on July twenty-fourth or twenty-fifth he found a new lock on the door, a padlock, for which lock he had no keys, and he, therefore, assumed there was no immediate necessity of returning the old keys, and also because he had been unable to find the plaintiff when he went to the old store for the purpose of surrendering the keys to the plaintiff in person. The defendant also found on such visits a wooden sign standing over the door on an iron pipe. The sign was painted and about two feet square, a " brand new sign "

with the words thereon: " Store to let.   Apply, D. Gorlin," with his house address and telephone number thereon.   The sign had not been placed there by the defendant, nor with his authority. The testimony of defendant in many important respects is corroborated by the testimony of one Brogdan, a disinterested witness. The preponderance of evidence as to the surrender and acceptance of the lease is entirely with the defendant.   A surrender and acceptance was proven beyond question.   There was a consideration for the agreement of surrender and acceptance.   The crediting of the deposit on the July rent was an advance payment for the plaintiff.   The check for August rent was an additional consideration in view of the fact that the plaintiff was to have possession of the store before August first and placed in a position to derive rental value therefrom.   Moreover the agreement became fully executed before August 1, 1925.   (*Goldsmith* v. *Schroeder*, 93 App. Div. 206; *Sherman* v. *Engel*, 18 Misc. 484.)   Because of the failure of plaintiff in view of all the evidence in the case to repudiate the surrender of the lease by defendant before September 12, 1925, the date of the commencement of this action, a surrender and acceptance must be implied.   (*Tootle Theatre Co.* v. *Shubert Theatrical Co.*, 175 App. Div. 530.)

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.