TRADESMENS NATIONAL BANK OF NEW HAVEN *v.* XAVIER DiCARLO ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-611-187

Argued January 18—decided March 7, 1963

*Francis R. Danaher,* of Meriden, for the appellant (defendant Frances DiCarlo).

*David B. Greenberg,* of New Haven, for the appellee (plaintiff).

PRUYN, J.  The plaintiff obtained a judgment by default in an action against two defendants on two promissory notes.  From the denial of her motion to open the judgment, the defendant Frances DiCarlo has appealed, assigning as error that the default judgment was entered without her knowledge and that as the ad damnum clause in the complaint claimed $2700 the court had no jurisdiction and the judgment was therefore a nullity.  The first assignment of error has been abandoned, and the sole question on this appeal is whether the court had jurisdiction of this action.

The denial of a motion to open a judgment concludes the rights of the parties and is appealable as a final judgment.  *Gores* v. *Rosenthal,* 148 Conn. 218, 221; *Gaudio* v. *Romanov,* 23 Conn. Sup. 409, 411.

Section 52-2a of the General Statutes provides that the jurisdiction of the Circuit Court extends to all civil matters for legal or equitable relief or both (with certain specific inclusions and exclusions not material to the case before us) "wherein the amount, legal interest or property in demand does not exceed in value two thousand five hundred dollars, not including interest, costs and attorney's fees."  It has long been settled that the amount of the matter in demand determines whether the court has jurisdiction of an action for damages.  The words "amount, legal interest or property in demand" are equivalent to "matter in demand."  "The damages demanded is the matter in demand.  The dominant factor, therefore, in determining which court has jurisdiction of an action for damages is the amount of the 'matter in demand.'  From the earliest times in this state, and in a long line of

cases, it has been held that the amount of the matter in demand is to be discovered only by reference to the complaint. Ordinarily, in an action for damages, it is to be fixed by the ad damnum. If the complaint itself discloses that the maximum amount of damages to which the plaintiff appears to be entitled is less than the amount of the ad damnum, the former is the amount of the matter in demand." *Holmquist* v. *Spinelli,* 139 Conn. 429, 431, 432, and cases cited. Where the complaint shows that the plaintiff cannot recover the amount of damages claimed, the matter in demand will be the highest sum which the plaintiff appears from the face of the complaint to be entitled to recover, to which may be added interest due on the amount involved at the time the action was brought in order to determine the amount of the plaintiff's demand, but not interest from the date of bringing the action to the date of the judgment. *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28.

In the case before us, the complaint contains two counts, the first on a promissory note dated August 26, 1960, for $1020, payable in equal monthly instalments of $68 each, on which it is alleged that there was due at the commencement of the action the sum of $884 plus costs of collection, including a reasonable attorney's fee, and the second on a promissory note dated December 5, 1960, for $850, payable two weeks after date, with interest at 6 percent, on which it is alleged there was due the sum of $850 plus costs of collection, including a reasonable attorney's fee. The ad damnum is $2700. The action was commenced January 9, 1961.

It is mathematically clear from the allegations of the complaint that the amount in demand, not including interest, costs and attorneys' fees, does not exceed the Circuit Court's jurisdictional limit of

$2500. The court therefore had jurisdiction of the case, and the motion to open the judgment was properly denied.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.