## PEOPLES TRUST & SAVINGS BANK, Appellee,

v.

## Ronald E. ARMSTRONG and Sandra J. Armstrong, a/k/a Sandra J. King, a/k/a Mrs. Marvin King, Appellants.

### No. 63233.

Supreme Court of Iowa.

Oct. 15, 1980.

---

David W. Sheetz and Michael L. Sheesley, Des Moines, for appellants.

Ralph K. Denny, Des Moines, for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves the meaning of "interest" in the exclusion of "interest and costs" under the small claims statute. *See* § 631.1, The Code 1979.

Defendants Ronald E. and Sandra J. Armstrong borrowed money from plaintiff Peoples Trust & Savings Bank on a note. They paid the note down to $883.88 and thereafter defaulted. By its terms the note bore interest at one percent per month from date of delinquency. At the time the bank subsequently commenced this small claim proceeding, it claimed defendants owed $883.88 principal and $724.06 interest. The bank's original notice stated that the bank demands "the sum of $883.88 plus interest at 1% per month from 11-1-71 for a total of $1,607.94 based on promissory note . . . ."

The Armstrongs objected that the case could not be prosecuted as a small claim because it exceeded $1000. The Magistrate overruled the objection and, after hearing, entered judgment for the bank in the sum of $1,526.09, together with interest from date of judgment and costs. On appeal the District Judge affirmed. We granted discretionary review to resolve the question of the jurisdictional amount.

I. When the General Assembly established the unified trial court in 1972, it installed small claims procedure in the court. 1972 Sess., 64 G.A., ch. 1124, §§ 60 *et seq. See also* 1973 Sess., 65 G.A., ch. 282, §§ 61-62. The Assembly had the problem of establishing a monetary limit for small claims. Theretofore the justices of the peace, who were discontinued by the act, had civil jurisdiction "where the amount in controversy does not exceed one hundred dollars." § 601.2, The Code 1971. (By written consent the parties could extend this to three hundred dollars.)

The federal district courts in federal question and diversity cases have jurisdiction under a clause containing the following language as to the minimum amount: "wherein the matter in controversy exceeds the sum or value of $10,000, *exclusive of interest and costs* . . . ." 28 U.S.C. §§ 1331, 1332 (1976) (emphasis added). Several states have similar expressions in their statutes prescribing the jurisdiction of various courts. *Annots.*, 77 A.L.R. 991, 999 *et seq.* (1932), 167 A.L.R. 1243, 1245 *et seq.* (1947).

In specifying the maximum amount for small claims, the General Assembly provided: "A small claim is a civil action for money damages where the amount in controversy in money is one thousand dollars or less, *exclusive of interests [sic] and costs* . . . ." 1972 Sess., 64 G.A., ch. 1124, § 60 (emphasis added). At the time of the

present action in 1978, this provision had been amended to read: a small claim is "[a] civil action for a money judgment where the amount in controversy is one thousand dollars or less, exclusive of interest and costs." § 631.1(1), The Code 1977. (Certain forcible entry cases are also included.)

In this case the unpaid principal of the note was $883.88, which qualified the case as a small claim, but the additional amount of $724.06 asked as interest put the prayer over $1000. The Armstrongs contend that the interest demand does not come within the "interest and costs" exclusion, hence the action is not a small claim.

II. Under a statute like ours, the nature of the claim asserted determines whether a demand for interest is or is not to be included in determining the amount in controversy. For example, if a claim is for recovery of damages for personal injury, breach of contract, or violation of statute, then the "amount in controversy" is that amount of damages, and an additional demand for interest on that amount is merely incidental and not included for jurisdictional purposes; but if the basis of the claim is interest itself, then the amount of that interest is the amount in controversy, although interest on that interest is not included for jurisdictional purposes. 32 Am.Jur.2d *Federal Practice and Procedure* § 130, at 564–65 (1967); 20 Am.Jur.2d *Courts* § 159, at 503–04 (1965); 36A C.J.S. *Federal Courts* § 310(5), at 34–35 (1961).

An interesting decision involving both aspects of the principle is *Edwards v. Bates County*, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155 (1896). Ordinarily an interest coupon on a bond is an obligation separate from the bond itself. *Des Moines Savings Bank & Trust Co. v. Littell*, 209 Iowa 22, 24–25, 227 N.W. 503, 504 (1929). *See also Presidio County v. Noel–Young Bond & Stock Co.*, 212 U.S. 58, 75, 29 S.Ct. 237, 243, 53 L.Ed. 402, 409 (1909). In *Edwards*, the plaintiff sued on two bonds of $1000 each and on fourteen interest coupons attached to the bonds, and also asked for interest from the maturity of the coupons. (Other claims were alleged which are not relevant here.)

At that time the amount in controversy had to exceed $2000 exclusive of interest and costs to give a federal court jurisdiction.

The interest running from maturity of the coupons was of course interest as such and within the exclusion of "interest and costs." *See Greene County v. Kortrecht*, 81 F. 281 (5th Cir. 1897). The question in *Edwards* was whether the interest coupons themselves constituted "interest" for exclusion purposes. If not, they could be added to the principal of the bonds to give an amount in controversy exceeding $2000.

The United States Supreme Court held that the coupons constituted separate claims to be added to the bond principal, giving the federal court jurisdiction. The Court stated:

> Not only may a suit be maintained upon an unpaid coupon in advance of the maturity of the principal debt, but the holder of a coupon is entitled to recover interest thereon from its maturity. *Amy v. Dubuque*, 98 U.S. 470, 473, 25 L.Ed. 228. The logical effect of these rulings is that when the interest evidenced by a coupon has become due and payable the demand based upon the promise contained in such coupon is no longer a mere incident of the principal indebtedness represented by the bond, but becomes really a principal obligation. Clearly, such would be the nature of the claim of one who, as owner of the coupons and not of the bonds, brought his action to enforce payment of the indebtedness evidenced by the coupons. So, also before maturity of the bonds, their holder could still have sued upon the matured coupons as an independent indebtedness, and not as a mere accessory to a demand for a recovery of the face of the bonds. No good reason, therefore, exists for creating a distinction between such cases and the case at bar in which there is coupled with the demand to recover upon the coupons a demand for judgment upon the bonds.

The Court concluded:

> In ascertaining, therefore, the jurisdictional sum in dispute, the sum of the coupons should have been treated as an

independent principal demand, and not as interest; and in holding otherwise the lower court erred to the prejudice of the plaintiff in error.

163 U.S. at 272–73, 16 S.Ct. at 969, 41 L.Ed. at 157. *See also Brown -Crummer Investment Co. v. City of Florala*, 55 F.2d 238 (D.Ala.1931).

In the situation of actions on notes to recover the principal and interest thereon, a majority of courts with statutes like ours hold that the interest is excluded in ascertaining the amount in controversy whether the interest accrued before or after the maturity of the note or before or after the commencement of the action. We regard these decisions as announcing the desirable rule. In such instances the interest is interest as such, and not the amount in controversy. *Alropa Corp. v. Myers*, 55 F.Supp. 936, 938 (D.Del. 1944); *Tradesmens National Bank v. DiCarlo*, 2 Conn.Cir.Ct. 12, 14–15, 193 A.2d 608, 609 (App.Div. 1963); *Jones v. Ball*, 311 S.W.2d 557, 557- 59 (Ky. 1958); *Dependable Refrigeration, Inc. v. Giambelluca*, 94 So.2d 148, 149 n.3 (La.App. 1957); *Shipman v. Fitzpatrick*, 350 Mo. 118, 121, 164 S.W.2d 912, 914 (1942) (even where note states unpaid interest shall become part of principal and bear same interest); *Allen v. Wright*, 291 S.W. 644, 644-45 (Tex. Civ.App. 1927); *Wilson v. Thompson*, 202 S.W. 341, 342 (Tex.Civ.App. 1918); *see Annots.*, 77 A.L.R. 999 (1932), 167 A.L.R. 1243 (1947). *Compare Brainin v. Melikian*, 396 F.2d 153 (3d Cir. 1968), *with Fritchen v. Mueller*, 27 F.2d 167 (D.Kan. 1928).

We hold that the amount in controversy here is the unpaid principal of the note, $883.88. The additional amount asked is for incidental interest on the amount in controversy, and comes within the interest exclusion. The Magistrate and the District Judge held correctly that the bank's case is a small claim.

AFFIRMED.