**ELECTRA AD SIGN COMPANY, INC., n/k/a Electra Sign Company, Appellee,**

v.

**CEDAR RAPIDS TRUCK CENTER, Appellant.**

**No. 66526.**

Supreme Court of Iowa.

March 17, 1982.

` Tim A. Estlund of Wenzel, Piersall, Riccolo, Baker & Estlund, Cedar Rapids, for appellant.

James E. Bobenhouse, Cedar Rapids, for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

In 1973 defendant, Cedar Rapids Truck Center, Inc. (Truck Center), entered into a ten-year lease agreement with plaintiff, Electra Ad Sign Company, Inc. (Electra), for a billboard advertisement located near Truck Center's place of business. In 1975 the lease agreement was modified to allow Truck Center to suspend rental payments for a period of six months. The modification agreement provided that the suspended payments, totaling $2,280, could be paid any time prior to, but not later than, the expiration date of the lease, but that said amount would earn interest from October 1, 1975, until paid at the rate of nine percent per annum. The lease was orally terminated by mutual agreement of the parties as of November 1, 1979.

When the lease was terminated, Truck Center refused to pay the amount suspended under the terms of the contract modification. Electra then commenced this action to recover the suspended rental payments

of $2,280 plus interest. In its answer to Electra's petition, Truck Center pled as an affirmative defense that Electra had forgiven both the principal amount of the debt and the interest thereon in consideration of termination of the lease agreement. Truck Center also filed a counterclaim for repairs allegedly made to one of Electra's trucks. The case was tried to the court. The court found that Electra had not forgiven the debt and held that Electra was entitled to judgment for the delinquent rent in the amount of $2,280 plus $940.50 interest for a total of $3,220.50. The court also held that Truck Center was entitled to recover $602.55, including interest, on its counterclaim. This set-off reduced Electra's judgment to $2,617.95.

Truck Center appeals contending the trial court's finding that Electra did not forgive the debt is not supported by substantial evidence. Electra filed a motion to dismiss the appeal, maintaining that this court lacks jurisdiction because the amount in controversy is less than $3,000. A resistance was filed by Truck Center, and we ordered the motion submitted with the appeal. We conclude that we have jurisdiction and affirm the judgment of the trial court.

I. *Jurisdiction.* At the time appeal was taken, Iowa R.App.P. 3 provided in pertinent part:

> [N]o appeal shall be taken in any case where the amount in controversy, as shown by the pleadings, is less than three thousand dollars unless the trial judge, within thirty days after the judgment or order is entered, certifies that the cause is one in which appeal should be allowed. The right of appeal is not affected by any remission of any part of the verdict or judgment.[1]

It is undisputed that the trial court did not certify this cause as one in which appeal should be allowed. Our jurisdiction of this appeal therefore depends on whether the amount in controversy is $3,000 or more. Electra argues that the amount claimed in Truck Center's petition, $2,280 plus interest of $940.50 for a total of $3,220.50, less the amount of its counterclaim, $602.55, clearly establishes that the amount in controversy, as shown by the pleadings, is less than $3,000. Truck Center, however, maintains that in determining the amount in controversy a reduction should not be made for a counterclaim.

■ ■ The test for determining the existence of the requisite amount in controversy under rule 3 is whether the trial court could have entered judgment against any party for that amount. *Northwest Bank and Trust Co. v. Gutshall,* 274 N.W.2d 713, 716 (Iowa 1979), *overruled in part on other grounds, IPALCO Employees Credit Union v. Culver,* 309 N.W.2d 484, 487 (Iowa 1981). As the rule specifies, the amount is determined by the pleadings, not the verdict or final judgment. *In re Trust of Gabeline,* 288 N.W.2d 341, 344 (Iowa 1980). It is generally held that when the relevant statutory provision does not expressly exclude interest from the jurisdictional amount,[2] interest recoverable on the amount involved at the time the action is commenced may be included in computing the amount in controversy. 21 C.J.S. *Courts* § 58 (1940); *see Yost v. Gadd,* 227 Iowa 621, 626, 288 N.W. 667, 670 (1939) (accrued interest included in determining amount in controversy); *cf. Banks v. Carrell,* 241 Iowa 786, 798, 43 N.W.2d 142, 148–49 (1950) (interest is proper element of damages in suit on debt). Here, Electra claimed damages of $2,280 plus interest at nine percent per annum

1. Effective July 1, 1981, rule 3 was amended. The rule now provides that the supreme court or a justice thereof is to certify a cause that *does not meet the minimum amount in controversy* as one in which appeal should be allowed.

2. An example of legislation that expressly excludes interest from the jurisdictional amount is section 631.1(1), The Code, which defines "small claim" as "[a] civil action for a money judgment where the amount in controversy is one thousand dollars or less, *exclusive of interest and costs.*" (Emphasis added). This court analyzed the meaning of "interest" as the term is used in section 631.1(1), in *Peoples Trust & Savings Bank v. Armstrong,* 297 N.W.2d 372 (Iowa 1980).

from October 1, 1975, to the date the suit was commenced, May 12, 1980, which the trial court computed to be $940.50. Since the pleadings are the basis for the jurisdictional amount test, in determining whether there is *any* way the trial court could have entered judgment for $3,000 or more we must assume that Truck Center would not prevail on its counterclaim. As shown by the pleadings, the trial court therefore *could have* entered judgment against Truck Center for more than $3,000.

In any event, a set-off or counterclaim generally does not reduce the amount in controversy for the purpose of ousting a court of jurisdiction of an action. *See* 21 C.J.S. *Courts* § 66; *cf. Bridal Publications, Inc. v. Richardson*, 229 N.W.2d 771, 774 (Iowa 1975) (plaintiff's claim and defendant's counterclaim cannot be aggregated to confer jurisdiction). Rule 3 clearly follows this general rule: "The right of appeal is not affected by *any remission* of any part of the verdict or judgment." (Emphasis added). Accordingly, we hold that a counterclaim does not reduce the amount in controversy for purposes of appellate jurisdiction under rule 3. We therefore have jurisdiction of this appeal.

II. *Weight of the evidence.* Truck Center asserted as an affirmative defense that in consideration for its agreement to terminate the lease, Electra forgave the $2,280 delinquency plus interest. "Forgiveness" of a debt, however, constitutes extinguishment of the debt by virtue of a gift. 38 C.J.S. *Gifts* § 47 (1943); *see Gray v. Nelson*, 77 Iowa 63, 68–69, 41 N.W. 566, 567–68 (1889); *Darland v. Taylor*, 52 Iowa 503, 503–07, 3 N.W. 510, 510–14 (1879). Truck Center does not assert that Electra released the debt by gift, and the record would not support such an assertion. The manner in which the defense was pled and the evidence presented to support it indicate that Truck Center, in essence, was asserting the affirmative defense of accord and satisfaction, and we will treat it as such.

Accord and satisfaction is a means of discharging a contractual obligation by agreement of the parties to render and accept a different and substituted performance as full satisfaction of the preexisting claim. *Olson v. Wilson & Co.*, 244 Iowa 895, 900, 58 N.W.2d 381, 384 (1953); 6 *Corbin on Contracts* § 1276 (1962). An agreement to discharge a claim for delinquent rent upon surrender of the unexpired term of a lease has been held to be a valid accord and satisfaction. *Lewis v. Donohue*, 27 Misc. 514, 516–17, 58 N.Y.S. 319, 320 (Sup.Ct., App. Term 1899). For an accord and satisfaction to exist, however, there must be valid consideration, *Kellogg v. Iowa State Traveling Men's Association*, 239 Iowa 196, 212, 29 N.W.2d 559, 567 (1947), which must be offered, intended, and accepted as full satisfaction of the original claim, *see N.L. R.B. v. Decker*, 322 F.2d 238, 245 (8th Cir. 1963).

During trial, Truck Center's president, George F. Grask, testified that over a period of time he had encouraged Norbert M. Poeschl, who at that time was a vice-president of Electra, to find another tenant for the billboard. Grask stated that he advised Poeschl that if another tenant were found prior to the expiration date of the lease, Truck Center would not pay the $2,280. Grask said he told Poeschl that Electra could more than recoup the $2,280 by charging more rent for the billboard, but that Poeschl was not receptive to the idea of discharging the debt.

Grask also testified that he received a telephone call from Poeschl in September 1979 and that an agreement to terminate the lease was reached. Grask stated:

[H]e wanted to double check and just make sure that I would give the board up to a competitor, International Harvester. Once again I told him I would, but along with that there would be a forgiveness of the $2,280, I wouldn't owe him that.

Q. Did he object to that?

A. No. He understood what I was saying, and that was the end of the conversation.

This was the only evidence presented that Electra agreed to release Truck Center's debt.

Electra presented contradictory evidence. Russell L. Lehman, Electra's president during the events at issue, testified that the lease was modified to suspend payments because Truck Center was experiencing financial problems at that time. He stated that Truck Center subsequently requested Electra to find another tenant for the billboard to release it from the full term of the lease. Lehman also testified that he did not receive any correspondence from Truck Center requesting that the debt be released, and had no knowledge whatsoever that Electra had released the debt. He stated that the lease was terminated to accommodate Truck Center, and Electra lost money by renting the billboard to International Harvester.

The defendant has the burden to establish the defense of accord and satisfaction. *Minnesota & Ontario Paper Co. v. Register & Tribune Co.*, 205 Iowa 1228, 1229, 219 N.W. 321, 322 (1928). The trial court made the following finding:

The defendant contends that the negotiations with respect to termination of the lease involved a forgiveness of the six months payments, but the evidence presented to the Court is far from persuasive, and, in fact, it's practically nonexistent. The Court finds that there was no forgiveness of the moratorium debt.

When, as here, the trial court determines that a party has failed to carry the burden of proof on an issue, we will not interfere unless we find the burden was carried as a matter of law. *Chown v. USM Corp.*, 297 N.W.2d 218, 220 (Iowa 1980). The evidence in this case was conflicting. Truck Center presented evidence in support of its contention that Electra released the debt in consideration for surrender of the lease, and Electra denied having released the debt and contradicted the purported motive for releasing it. Under the record, we cannot find as a matter of law that Truck Center carried its burden of establishing the defense of accord and satisfac-

tion. It was the duty of the trial court, as the trier of fact, to pass on the credibility of the witnesses. The court could have disbelieved the evidence presented by Truck Center and believed that presented by Electra. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.