Steve **DAVIS** and Judy
Davis, Appellants,

v.

**UNITED FIRE & CASUALTY
COMPANY, Appellee.**

**No. 92–690.**

Court of Appeals of Iowa.

March 30, 1993.

Daniel A. Harvey, Davenport, and J. Wilson McCallister, Rock Island, IL, for appellants.

John C. Stevens of Lewis and Stevens, P.C., Muscatine, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The plaintiffs appeal from an order granting defendant's motion for summary judgment and denying plaintiffs' cross-motion for summary judgment. We affirm and remand.

On August 21, 1987, the Davis home was struck by a hail storm. The Davises had purchased a homeowners insurance policy from United Fire & Casualty Company which insured the damage to the home. The Davis home sustained damages to a patio cover, guttering, and its shingled roof. United attempted to settle the claim for $1125.98. The Davises rejected the offer and sought: $1274.00 for the patio cover; $1410.00 for the shingles; and, $549.12 for the guttering. United accepted the claim for the patio cover and guttering, but rejected the claim for the roof damage. United took the position that the Davises could not prove that the roof damages resulted from the hail storm. The roofing contractor who examined the roof felt there was no hail damage. At the time the roof was eleven years old. United offered to settle the roof claim for $300.00.

The Davises rejected United's offer and brought this action. During the course of these proceedings, the district court ordered the appointment of an umpire to meet with the appraisers designated by the parties. The umpire set the actual cash value of the hail loss to the roof at $234.00. The district court accepted this amount in granting United's motion for summary judgment and entered judgment after de-

ducting the policy's $100.00 deductible. The court also entered judgment for the Davises allowing $1274.00 for the patio cover, $549.12 for the guttering, and interest. The court denied the Davises' cross-motion for summary judgment. The Davises appeal.

 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne*, 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423; *Gott*, 387 N.W.2d at 343. If the motion is properly supported, however, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e). The language of our rule and case law are substantially similar or identical to that of rule 56 of the Federal Rules of Civil Procedure, *see, e.g., Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538, 551–53 (1986), from which we may draw for guidance in interpreting our own rule. *Sherwood*, 179 N.W.2d at 339. We now turn to the facts, all of which appear to be undisputed, as viewed in a light most favorable to the party resisting the motion for summary judgment.

## I. *Iowa Rule of Appellate Procedure 3.*

United claims this appeal must be dismissed because the amount in controversy is less than the amount required by Iowa Rule of Appellate Procedure 3. "The test for interpreting the existence of the requisite amount in controversy under rule 3 is whether the trial court could have entered judgment against any party for that amount." *Electra Ad Sign Co. v. Cedar Rapids Truck Center*, 316 N.W.2d 876, 878 (Iowa 1982).

 The amount in controversy is determined by the pleadings, not the judgment from which appeal is taken. *Id.* The trial court could have allowed recovery on Davis's contract claim and bad faith claim in an amount in excess of the limitation of rule 3. Although the record makes this result unlikely, we cannot say it could not have happened. We therefore have jurisdiction of this appeal.

## II. *Actual Cash Value of the Loss v. Cost to Repair or Replace the Damaged Portion of Roof.*

 The Davises claim the trial court erred in granting United's summary judgment motion in the amount of $134.00 for the portion of their insurance claim that concerned the shingled roof. The appraisal process determined the actual cash value of the hail damage to be $234.00. The trial court than reduced this amount by the deductible, $100.00, and entered judgment for the roof in the amount of $134.00. The Davises do not dispute that the actual cash value of the loss is $234.00; instead they dispute that the actual cash value of the damage is the correct measure of United's liability for their roof claim.

What is at issue is the legal force and effect of the applicable provisions of the insurance policy. Summary judgment is the proper vehicle to bring this matter before the court. It is well established that when the only conflict concerns the legal consequences of undisputed facts, entry of summary judgment is proper. Thus we turn to the applicable provisions of the insurance policy.

Section I—Conditions of the insurance policy provides:

3. Loss settlement. Covered property losses are settled as follows:

b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:

(4) We will pay no more than the actual cash value of the damage unless:

(a) actual repair or replacement is complete; or

(b) the cost to repair or replace the damage is both:

(i) less than 5% of the amount of insurance in this policy on the building; and

(ii) less than $1000.

The record reflects without dispute that the cost to replace the Davis roof would exceed $1000.00. The Davises complain the record before the trial court contained no evidence that actual repair or replacement of the roof was not completed. Evidence about whether repairs had been made is most accessible to the Davises. The Davises, as the non-moving party, may not simply rest on their pleadings and allegations once a motion for summary judgment is filed.

When a motion for summary judgment is made and supported as provided in [Iowa R.Civ.P. 237], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Iowa R.Civ.P. 237(e).

We agree with the trial court that summary judgment was appropriate. We therefore affirm on this issue.

## III. *Bad Faith Claim.*

■■■ This brings us to the status of the plaintiffs' bad faith claim. To resolve this, we look to the summary judgment motions which prompted the rulings made by the trial court.

The defendant filed a motion for summary judgment along with a statement of material facts. It asked that the court grant summary judgment by entering judgment in plaintiff's favor against it for the damaged property in the amounts set forth:

| | | |
|---|---|---|
| a. | Damage to the patio cover | 1274.00 |
| b. | Damage to guttering | 549.12 |
| c. | Damage to shingeled roof | 234.00 |
| | Less deductible | − 100.00 |
| | Judgment | 1947.12 |

The defendant's motion was not resisted by the plaintiff. Instead, the plaintiffs filed a cross-motion for summary judgment wherein it is alleged "the plaintiffs are entitled to judgment as to the issues of liability and of bad faith, with the only issues being damages arising out of the bad faith issues." The defendant resisted plaintiffs' motion and asserted, among other things, that there are material disputed facts on the issue of bad faith.[1]

■■ The matters before the trial court were the two summary judgment motions. Although the trial court ruling expressed an opinion as to the merits of the plaintiffs' bad faith claim,[2] we do not read the ruling as constituting a dismissal of that claim nor was the trial court in a position to do so. This is so because the defendant, in its summary judgment motion, did not ask for that affirmative relief. In this respect, summary judgment may be entered only for one who has filed a motion asking that relief and only after notice and hearing. *Estate of Campbell,* 253 N.W.2d 906, 908 (Iowa 1977).

1. The defendant also argued in his brief to this court that there are material disputed facts on the issue of bad faith.

2. In the ruling, the trial court stated, "In resolving the issue both of bad faith and of the motion for summary judgment, the Court points out that the plaintiffs simply cannot accuse the de-

fendant of bad faith with respect to the patio and gutter damage." Although there may be merit in the trial court's conclusions as to the plaintiffs' bad faith claim, we do not pass judgment on that issue for, as explained below, that question is not before us.

The trial court overruled plaintiffs' motion, which in effect denied plaintiffs' claim that liability should attach to the defendant as a matter of law on the bad faith claim. We affirm on this issue. In addition, the trial court sustained the defendant's motion for summary judgment on damage to the property. We also affirm on this issue.

This matter is remanded to the trial court insofar as the issue of bad faith is concerned. Neither party is precluded from utilizing those motions or other pleadings that may be proper to bring that issue before the court. We, of course, do not retain jurisdiction.

**AFFIRMED AND REMANDED.**