[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANT'S COLEMAN BROTHERS SHOWS, INC.
On July 16, 1992, the plaintiff, Jane Doe by and through her mother, Eleanor Doe, filed a five-count revised complaint in which she alleges that on June 7, 1990, she was a customer and business invitee of a carnival owned and operated by Coleman Brothers Shows, Inc. (Coleman Brothers), when its employee, the defendant David Smith, Jr., forcibly raped and assaulted her.
The first and second counts of her complaint are against Coleman Brothers, alleging negligence and nuisance, respectively.
On August 10, 1992, the defendant Coleman Brothers moved to strike the nuisance count on the ground that it is legally insufficient because the plaintiff has failed to allege that she was injured either CT Page 5243-O in the exercise of a public right or in relation to her ownership in an interest in land.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling upon a motion to strike, the court must take as admitted all well pleaded facts and construe them in a manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). If a pleading contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-219, 520 A.2d 217 (1987). In order to prevail on a claim of nuisance, a plaintiff must prove that:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries. (Internal quotations and citations omitted.)
Doe v. Manheimer, 212 Conn. 748, 755-56, n. 4, 563 A.2d 699
(1989). There are two different types of nuisance: absolute and negligent. Couture v. Board of Education, 6 Conn. App. 309,314, 508 A.2d 463 (1985). Within these two types, there are two further classifications of nuisance: public and private. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Webel v. Yale University, 125 Conn. 525, 7 A.2d 215
(1939). A public nuisance, on the other hand, exists only where the conduct or condition complained of interfered with a right common to the general public. Doe v. Manheimer, supra, 756. "A person entering premises at the express or implied invitation of a tenant or owner is not exercising a public right. Rather, the person is entering as a visitor . . . . [T]he visitor cannot recover on a public nuisance claim." Stewart v. Federated Department Stores, Inc., 4 Conn. L. Rptr. 67 (May 17, 1991, Lewis, J.), citing Webel v. Yale University, 125 Conn. 515, 524-525, 7 A.2d 215 (1939); and Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355, 357,238 A.2d 431 (1967).
In her complaint, the plaintiff claims that the defendant Coleman Brothers was the owner of a carnival providing amusement devices to and for the use of the public for profit at a carnival site CT Page 5243-P at Burrows Field, Route 1, Poquonnock Road, Groton, Connecticut and promoted said facility to the public and induced the public including minor females to attend said facility. The plaintiff further alleges that on or about the date of the alleged incident, the plaintiff was a customer and business invitee of the defendant and that the incident occurred after business hours.
Because the plaintiff, as a business invitee, has not alleged that she suffered an injury in relationship to her ownership of an interest in land, she has not stated a sufficient claim of private nuisance. And, because she has not alleged that she was injured in the exercise of a right common to the general public, she has not stated a sufficient claim of public nuisance.
In her memorandum in opposition, the plaintiff argues that the defendant's contention that it is not liable for public nuisance because the injury occurred on its private property is erroneous because its own conduct drew the public onto the property during and after hours. It appears that the plaintiff is asserting that the defendant is liable under the doctrine of attractive nuisance.
Contrary to the plaintiff's claim, her argument fails because Connecticut has not adopted the doctrine of attractive nuisance. Neal v. Shields, Inc., 166 Conn. 3, 12, 367 A.2d 102 (1974). However, when applying the principles of common law negligence the courts have recognized that children require special consideration. Id. See also Wolfe v. Rehbein, 123 Conn. 115,193 A.2d 608 (1937) (where the court held that a landowner owed a duty to exercise reasonable care to prevent injury to children that he knows or should know are trespassing upon his property).
Therefore, if liability in this case exists, it belongs in the area of negligence, not nuisance.
Accordingly, the defendant's motion to strike the second count of the plaintiff's revised complaint is granted.